## HUGH HENRY v. Town of CHESTER.

Mere circumstantial errors in the details of making up the grand list, will not render it void, as a basis of taxation.

The list will not be rendered void by any error of judgment in the listers, in a matter properly within their discretion.

If the appraisal of real estate by the listers be not submitted to the supervision of the county and state committees, or if such alterations as they require, are not made, the list is incomplete, and an assessment of taxes thereon, void.

The persons who may have been compelled to pay taxes to the town, assessed upon such list, may recover back the full amount, in an action of assumpsit for money had and received.

THIS was an action of assumpsit, for money had and received. Plea, non assumpsit, and issue to the court.

By consent of the parties, the case was referred to a commissioner, to make report of facts.

The commissioner reported, among other things, that the plaintiff's claim rested on the ground that the town of Chester had collected from him a large amount of taxes which had been assessed upon his property, in connexion with a general list of the town, improperly made up, in that the addition to the appraisal of houses and lots, which had been adjudged by the county averaging committee, and the addition to the appraisal of lands, adjudged by the state averaging committee, had not been made by the listers, although the same had been seasonably certified to them, while ten per cent. was deducted from the original appraisal of buildings and lots — by reason whereof, the taxable property of the plaintiff, consisting principally of personal estate, had been subjected to a disproportionate assessment in making up the taxes for said town.*

---

* The reporter has not been furnished with a copy of the commissioners report, which he learns from the judge who gave the opinion, was not furnished to the court, being voluminous, and principally occupied with a detail of facts in regard to the making up of the list, and its effect upon the plaintiff. The above statement is drawn from the opinion of the court, and would seem to embrace all the facts on which the leading point in the case turned.

The plaintiff insisted that, upon the facts reported, he was entitled to recover the amount of the taxes paid by him to the town, as stated in the report, together with the interest thereon, amounting to $736.36. The court rendered judgment in favor of the plaintiff, for the said sum ; to which decision the defendant excepted.

*D. Kellogg, C. Coolidge,* and *J. Collamer,* for defendant.

I. The proceedings of all tribunals, or authorities, acting within the sphere of their jurisdiction, and good on their face, are never *void,* as to third persons, however *irregular or voidable.* When the action is by, or against, the person exercising such authority, then the regularity of its exercise may be questioned ; and, also, when proceedings are taken to avoid or correct such proceedings—as error, *certiorari, quo warranto,* &c. One example will suffice to illustrate this principle — viz, that of military officers assessing and collecting fines. If the person is exempt, permanently, from duty, or not living within the beat of the officer, he is not subject to his jurisdiction, and all proceedings in such case are *coram non judice* ; and the officer, and all acting on his authority, are wrong doers. But if the person be subject to his jurisdiction, the irregularity of the proceedings will not vitiate them or affect third persons.

So far have courts carried this, that all proceedings of officers, *de facto,* are held good as to third persons, however defective are the qualifications of such officers. Our court has held that an acting justice, though when appointed, and still, post-master, may proceed with a cause, though this be objected, in the first stage, in abatement.

II. The listers have the jurisdiction of making up, and completing the grand list ; and all real estate situated in the town, and all persons residing in it, with their personal property are the *subject matter,* and, while so situated, are within the jurisdiction of the listers for that purpose ; and no matter of error, or overcharge, or putting too much into the list, as to a man *residing in town,* will render the proceeding void, or, in any way, affect any persons except the listers themselves. This is true in the analogy of legal principles, and is the only practicable method of carrying into effect the

listing law, and many other of our important municipal regulations.    Particularly must this be so, in all cases where the proceedings are *apparently* regular.

III.  In this case, the list was good on its face.  The plaintiffs' land was in the town, and he there resided, and therefore the whole subject matter was within the jurisdiction of the listers.

The particular neglect now complained of, that is, not adding the ordered per centage to the land and buildings, is in no sense different from a neglect to put in a farm, or even personal property of a resident.    It is insisted by the plaintiff, that it is different, and more important, because the statute provides that after the averages are made by the committees, then the listers shall proceed to *finish* their lists as a previous section had directed.    We cannot see the force of the argument.    It is indeed true, that it is the last act that finishes anything, but that is not, therefore, of any more importance than any other act in the process.    The statute uses the words, " Shall then proceed to finish the lists," &c., only as matter consecutive, as they could not, till then, complete them or return them to the town clerk's office, as before directed.

IV.  We insist there is no adjudged case to sustain the doctrine that the list is, for such a cause, *void*.

In examining the cases in Massachusetts, it is to be recollected that, there, the assessors make the list, and, also, assess the tax ; and, therefore, if they proceed unlawfully, in either, trespass may be sustained against them.    All the cases in Massachusetts, against assessors, and all actions on the case in Connecticut and Vermont, against listers, do not, at all, assist the plaintiff in this action, for we grant he could have such action here against the listers, for any neglect of duty, to recover all he has lost thereby.    The cases of *Lillie* v. *Burnham*, 15 Mass. 144, and *Thayer* v. *Stearns*, 1 Pick. 482, were both against the assessors, and, of course, do not sustain this action.

The cases in 10 Mass. R. 514, and 17 do. 461, were against towns, but the judgments were under a rule, by consent, and the point was, that a corporation was not subject to pay a tax on personal property ; that is, was not in the jurisdiction of the assessors to be taxed at all.    On neither of

these points are they any authority for the plaintiff. The case of *Sumner* v. *Dorchester*, 4 Pick. 361, was a judgment against a religious society, for a tax collected of a man never a member, and so never within the jurisdiction. The case of *Preston* v. *Boston*, 12 Pick. 7, was a judgment for a tax collected of a man, on personal property, he never residing in the city ; and in that case it was held that for overcharge, as in this case, an action would not lie against the city. The case of *Nelson* v. *Medford*, 7 Pick. 18, was an action on the vote of the town, to repay the lister what he paid out to those who complained of the tax, and does not affect this case. *Little* v. *Merritt*, 10 Pick. 543, was an action *against assessors ;* and besides, it decides that no action could be maintained against the school district who received the money.

As to the cases in Connecticut :—*Atwater* v. *Woodbridge*, 6 Conn. R. 223, was an action against a town for a tax collected on a list against a religious society, not subject to any tax, and so not in the jurisdiction of the listers. The case in 7 Conn. R. 550, was trespass against the selectmen—they having assessed a tax on an unlawful list, inasmuch as the listers did not return their list in time for plaintiff to appeal to the board of relief. This is an extraordinary case, but *clearly* does not sustain this case. In *Adams* v. *Litchfield*, 10 Conn. R. 127, the list was, as it respects the plaintiff, defective on its face, as the court held the $5000, added by the board of appeal, not specific enough to call it money at interest, and so the selectmen had no power to assess the tax thereon, and it was, therefore, void. *Landon* v. *Litchfield*, 11 Conn. R. 251, was against the town, for a tax collected on land exempt, so that the subject-matter was not within the jurisdiction of the listers.

The plaintiff cites *Jamaica* v. *Guilford*, 2 Chip. R. 103 ; *Brookline* v. *Westminster*, 4 Vt. R. 224 ; and *Poultney* v. *Wells*, 1 Aik. R. 180. Perhaps these are cited to show that, in an equitable case, *indebitatus assumpsit* should be sustained against a town. But this is not an equitable case as against the defendant, because — 1. Plaintiff claims to recover all he has paid, and to avoid, entirely, contributing to the taxes. 2. It is inequitable that the defendant should pay, as the town has no mode of redress except to assess the

amount paid, on the new inhabitants, who will have received no part of the money. 3. The town has received, in the whole, no more money than if the additions had been made to the list. 4. If the plaintiff can recover, every man in town can recover, and thus the taxes of five years will be thrown onto the present and future inhabitants. Such, and even worse, must be the effect of holding this list *void*.

V. The person, and subject-matter, being within the jurisdiction of the listers, and the list apparently perfect, the only remedy is for neglect or misfeasance against the listers.

VI. But even if the list was void, in the action for money had and received, the plaintiff should recover only what the defendants could not equitably retain — that is, the part only which he should not have paid.

VII. But the payments by the plaintiff were *voluntary*, and not under any protest, and therefore not recoverable. *Colman* v. *Anderson*, 10 Mass. R. 105 ; *Salem* v. *Danvers*, do. 518 ; *Adam* v. *Litchfield*, 10 Conn. R. 127 ; *Preston* v. *City of Boston*, 12 Pick. 7.

*Tracy & Converse*, and *Peck*, for plaintiff.

1. The neglect of the listers to add the sums ordered by the county and state averaging committees to the list of 1832 made *void* that list, and all subsequent proceedings founded thereon. Until these additions were made, the list was *inchoate*, and taxes could not be assessed upon it. Revised Statutes, 545, §18 ; *Thames Man. Comp.* v. *Lathrop et al.* 7 Conn. R. 550 ; *Sibley* v. *Burnham et al.*, 15 Mass. R. 144 ; *Thayer* v. *Stearns*, 1 Pick. 482 ; *Thurston* v. *Little et al.*, 3 Mass. 429 ; *Torrey* v. *Millbury*, 21 Pick. 64.

2. The legality of a tax may be tried in this form of action, and if it is shown that the tax is *void*, the amount may be recovered back. *Jamaica* v. *Guilford*, 2 D. Chip. 103 ; *Poultney* v. *Wells*, 1 Aik. 180 ; *Brookline* v. *Westminster*, 4 Vt. R. 224 ; *Stevenson* v. *Mortimer*, Cowp. 805 ; *Salem Iron Factory Co.* v. *Danvers*, 10 Mass. R. 514 ; *Amesbury Man. Co.* v. *Amesbury* 17 do. 461 ; *Sumner* v. *Town of Dorchester*, 4 Pick. 361 ; *Inglee* v. *Bosworth*, 5 Pick. 498 ; *Nelson* v. *Milford*, 7 do. 18 ; *Little* v. *Merrill*, 10 do. 543 ; *Preston* v. *Boston*, 12 do. 7 ; *Baker* v. *Allen et al.*, 21 do. 382 ; *Joy* v. *County of Oxford*, 3 Greenl. 131 ; *Gardiner*

*Fac. Co.* v. *Gardiner*, 5 do. 133 ; *Atwater* v. *Town of Woodbridge*, 6 Conn. R. 223 ; *Adam* v. *Town of Litchfield*, 10 do. 127 ; *Landon* v. *same*, 11 do. 251.

3. But if it were held that the list was not *void*, still, the plaintiff may recover what he has been compelled to pay, over and above his proportion of the taxes, as the town, in justice and equity, have no right to retain it. Listers and selectmen are the agents of their respective towns, and the towns are responsible for their acts and omissions, while acting within the scope of their agency. By the neglect of duty on the part of the listers of Chester, the plaintiff has been compelled to pay more than his due proportion of the taxes of that town ; and now it is insisted that, although the town have had and used the plaintiff's money, they are not liable for it, and that his only remedy is against the listers, who may be dead or insolvent. This cannot be law. *Clark* v. *Corporation of Washington*, 12 Wheaton, 40.

4. The payment of the taxes was not *voluntary*. When demanded they were paid to the collector, who had rate bills and warrants, regular on their face, authorizing their collection. The plaintiff could not test their validity, nor prevent the officer's taking his person or property for the amount, without payment. When *mesne process* is served on one, and he pays a sum of money to compromise the claim, as a general rule, he cannot recover back the amount thus paid, however unfounded the claim, as the law which creates the pressure supplies the defence. Instead of paying the money, he should contest the plaintiff's right to it, by defending the action. But when a payment is made on a process in which the *right* cannot be tried, the principle does not apply. The true principle seems to be this — that when money is paid to an officer on a warrant, or any final process, regular on its face, and on which payment may be enforced by a levy on the person or property, such payment must be treated as compulsory. *Amesbury W. & C. Man. Co.* v. *Amesbury*, 17 Mass. R. 461 ; *Preston* v. *City of Boston*, 12 Pick. 7 ; *Hill* v. *Street*, 5 Bing. 37 ; 15 C. L. R. 358 ; *Snowden* v. *Davis*, 1 Taunt. 358 : *Irving* v. *Willson*, 4 Term R. 485 ; *Lewis* v. *Hammond*, 2 B. & Ad. 206 ; *Stevenson* v. *Mortimer*, Cowp. 805 ; *Cadaval* v. *Collins*, 4 Ad. & Ellis, 858 ; 31 C. L. R. 206 ; *Duper* v. *Keeling*, 4 C. & P. 102 ; 19 C.

WINDSOR,
February,
1843.

Henry
*v.*
Chester,

L. R. 295 ; *Morgan* v. *Palmer,* 2 B. & C. 729 ; 9 C. L. R. 232 ; *Smith* v. *Caff,* 6 M. &. S. 160, cited by Kelly in *Willson* v. *Ray,* 10 Ad. & Ellis, 82 ; 37 C. L. R. 51 ; *Chase* v. *Dromvell,* 7 Greenl. 134 ; *Bates* v. *Thr. U. G. In. Co:,* 3 Johns. Cas. 238 ; *Ripley* v. *Gelsten,* 9 Johns. R. 201 ; *Clinton* v. *Strong,* do. 370.

5. When the plaintiff paid the taxes, he had no knowledge of the *illegality* of the lists, nor could he have ascertained, by mere inspection, that the additions had not been made as ordered. The payment, then, was made under a *mistake* of the facts ; that is to say, without any knowledge that the lists had not been corrected. On this ground, the plaintiff has a right to recover. *Miles* v. *Duncan,* 6 B. & C. 671 ; 13 C. L. R. 293 ; *Whitcomb* v. *Williams,* 4 Pick. 228 ; *Wait* v. *Leggett,* 8 Conn. 195 ; *Franklin Bank* v. *Raymond,* 3 Wend. 69 ; *Burr* v. *Verder,* do. 412 ; *Hodgson* v. *Williams,* 6 Esp. Cas. 29 ; *Canal Bank* v. *Bank of Albany,* 1 Hill's R. 287 ; *Walker* v. *Hill,* 17 Mass. 380.

6. No demand on the town for the repayment of the taxes was required to enable the plaintiff to sustain this action. *Utica Bank* v. *Van Gensen,* 18 Johns. R. 485.

The opinion of the court was delivered by

REDFIELD, J. — The power of taxation, although a necessary attribute of the sovereignty, in all governments, is, to some extent, an arbitrary power, as well in free governments, as in those whose powers are less strictly defined ; and is, by consequence, more or less subject to abuse. This power is, however, necessary to the very existence of any political organization, sufficiently efficient to answer the ends of all municipal authority—the just protection of civil rights, the most important of which are life, liberty, and property,—for, without the power of coercion, protection would be impossible. Taxation, too, as one of the principal sources of the power of coercion, must be, to some extent, discretionary in the legislature ; so that, if any particular subject is fairly within the power of taxation, it is competent for the legislature, by general laws, to impose taxes to an indefinite extent—even to the prohibition or annihilation of any given species of property. The inequality or injustice of any system of taxation, established by the legislature, is no ground

of declaring it void, as was conceded in the case of *M'Culloch* v. *State of Maryland*, 4 Pet. Cond. R. 487, by Ch. J. Marshall. "That the power to tax involves the power to destroy, is a proposition not to be denied."

The necessity of such a power in all governments, and the difficulty of restraining its abuse, by constitutional checks, render the duty of courts, in relation to the subject, always delicate and difficult. In the present case, however, we are not called to decide whether any, and if any, what limits it is competent for the courts to impose upon the legislature in regard to this subject. The only question to be here determined is, how far the mode and manner of taxation, prescribed by the legislature, is necessary to be pursued by the subordinate municipal authorities, in order to the legality of assessments and collections, made by them.

The only mode of taxation allowed by the legislature to the several towns, is by vote, and assessment upon the list of the polls and rateable estate of the citizens; such lists to be perfected, in a prescribed time, and manner. Now, we are by no means prepared to say, that the legality of a tax is, in any way, affected by any mere circumstantial error or defect in the detail of the items, which go to make up the entire grand list of the town. Such a doctrine would render legal taxation extremely difficult, if not impossible. More or less property subject to taxation will always be omitted, and this will, to some extent, increase the burdens of all the other tax-payers. Nor will the tax be rendered void by reason of the manner in which any matter is determined by the listers, if such matter rests fairly within their legitimate discretion. For instance, in making appraisals, or in determining other matters properly referrible to their discretion, suitable allowance is to be made for the varieties, as well as the errors, of judgment, which occur in all matters of this kind. Such determinations are final, being made by law, subject to no revision here.

But, in regard to those matters which rested primarily in the discretion of the listers, but were made subject to revision by another board, and when the supervision of this superior board was made indispensable to the perfecting of the list, the determination of the listers alone was of no avail.

It is indispensable to the legality of any tax imposed by

the town, that it should have been made upon a list of the polls and rateable estate of the inhabitants, in substantial and *bona fide* compliance with the requisitions of the statute. By the statute in force at the time of making the list in this case, the listers are required first to make an appraisal of the improved real estate in the several towns, distinguishing the land from the buildings and building lots. This appraisal is then to be revised and equalized by a delegation of listers of the several towns throughout the county; and when such county convention order alterations in any of the towns, they are to certify them to the listers of such towns. This appraisal, thus corrected, is subject to a further revision by a committee of the legislature, and any alterations required by them to be made, are to be certified in like manner to the listers. This appraisal, thus completed, forms the basis of taxation of real estate for five years. The county committee, in the present case, required ten per cent. to be added to the appraisal of buildings and lots in the town of Chester; and the state committee required fifteen per cent. to be added to the appraisal of land throughout the county of Windsor—both of which requisitions were properly certified to the listers of Chester, in time for them to have made the proper additions before the tenth of December, when the list was required to be completed. The addition, both of the ten per cent. on buildings and lots, and of the fifteen per cent. on land, was wholly omitted, and ten per cent. was deducted from the original appraisal of buildings and lots. In this state the list was returned to the office of the town clerk, and taxes assessed upon it. As the plaintiff's list was mostly for personal property, he was very considerably affected by such omissions and alterations.

Upon two grounds, then, we think this was a void list. 1. The plain and obvious requisitions of the statute, in regard to the manner of making up the list, were disregarded, both by important and essential *omissions*, and by *arbitrary additions*, without even the color of right or legal warrant. If this may be done and still the list be regarded as legal, so might it with equal propriety, if the entire real estate in town were omitted, or inserted wholly at random, without even the form of an appraisal. The proceedings of the listers are, in the present case, something worse than an

omission to return their appraisal to the county or state committee for revision—which, by statute, is made indispensable to its binding force.

2. The list was not *complete,* until the alterations, required by the county and state committees, were made. Until that time, it was merely in an inchoate state—so imperfect, as no more to form the basis of any legal tax, than if it had been returned at any former stage in its progress.

We have not thought it necessary to examine in detail, the numerous cases read at the bar. They seem all to concur in the principle above stated, and which is expressed by Ch. J. Shaw, in *Torrey* v. *Millbury,* 21 Pick. 65: "One rule is very plain, and well settled, that all those measures, which are intended for the security of the citizen, for securing an equality of taxation," &c. " are *conditions precedent;* and if they are not observed, he is not legally taxed, and he may resist it." I would add, as a further qualification of the general proposition, here laid down, that these "measures," in order to become "conditions precedent," must be such matters as enter into the framework of the assessment, and affect its principle, and not its details merely. The mistakes which occurred in footing the list, in the present case, although sufficiently obvious, and injuriously affecting the plaintiff's interest, we have not been able to consider important to the legality of the taxes assessed on such list. So, too, the list not being returned to the town clerk's office, in the year 1834, until after the tenth of December, notwithstanding the cases of *Thurston* v. *Little,* 3 Mass. R. 429, *Thames Man. Co.* v. *Lathrop,* 7 Conn. 550, and *Thayer* v. *Stearns,* 1 Pick. 482, we should hesitate to pronounce any just ground of declaring all taxes, assessed thereon, void. So, too, the appraising of an acknowledged less number of acres than should have been, and on that account proportionably raising the rate of appraisal, although a departure from the requirements of the statute, relates to matters resting wholly in the discretion of the listers, in the first instance.

We come, now, to consider the remaining arguments urged against the recovery in this particular action, which is assumpsit for money had and received, and in favor of the proposition that, if a recovery can be had in this form of ac-

tion, it should only be for the excess, paid by the plaintiff, above what would have been his just proportion of the legal taxes.

In regard to the propriety of this remedy we entertain no doubt. Money, the payment of which is coerced under any color of authority, which proves void, may always be recovered in this form of action. In regard to money collected under final process, it cannot be recovered until the judgment, for the enforcement of which such process issued, is reversed; and then it may always be recovered in this form of action, as is every day's practice. In regard to money paid under tax warrants, where the taxes are illegal, the question may always be tried directly, in an action for the money, against the corporation who hold it, or trespass against the collector or selectmen. *Adam* v. *Town of Litchfield,* 10 Conn. R. 127; *Preston* v. *City of Boston,* 12 Pick. R. 7; 7 Conn. R. 550; *Amesbury Man. Co.* v. *Amesbury,* 17 Mass. R. 461; 4 Pick. 361; and many other cases cited by counsel.

But it is urged that such recovery cannot be had until after demand and refusal to pay the money. No case is read which goes this length; and, in principle, we think it unnecessary and unreasonable. The recovery here goes upon the ground that the payment was coerced by color of an authority in law, which was, in fact, always void. The law, in such case, implies a promise to pay back the money presently. Interest is recoverable thereon, and the statute of limitations begins to run from the time of payment. This view sufficiently answers another objection, i. e. that the payment on the part of the plaintiff was voluntary.

Upon the question, whether the plaintiff shall here recover the whole amount of taxes paid, although, in some sense, that operates severely upon the town, we have not been able to find any middle course, which, in principle, we could justify. The recovery goes upon the ground, that the list was imperfect, irregular, and defective, and wholly void. The assessment was, therefore, void. The town, which acts only through its agents and officers, and by its votes, is affected by all acts of its officers, within the general scope of their duties. If it were not so, they might escape all legal, as well as moral, responsibility; and, from being esteemed soulless—

WINDSOR,
February,
1843.

as, indeed, of necessity, they are—they would become wholly irresponsible. The tax being void, then, they should not retain the money, or any part of it. Towns have no legal claim upon the citizen to contribute to the public burdens, except in a prescribed mode—by compelling the payment of legal taxes. This, in the case of the plaintiff, they have voluntarily foregone, in attempting to impose upon him an illegal tax. We consider the remedy here afforded, of suffering the plaintiff to recover the entire sum thus wrongfully taken from him, but a simple act of justice ; and if the form of the redress operates severely upon the defendant, it is but a salutary and necessary restraint upon the disregarding, by public officers, of the plain and obvious provisions of so important a statute, as that regulating the entire subject of taxation in the state.

It has been said the consequence of such a decision, as we here make, will be fearful. I apprehend no such consequences. Few such cases have occurred, or will occur ; and if they do occur, whether more or less seldom, it is better, we think, that this wholesome remedy be applied to them, than that they be suffered to multiply without redress, or rebuke.

Judgment affirmed.