## RICHARD DOWNING *v.* PERLEY ROBERTS.

A collector of taxes cannot justify the taking of property, merely by showing a regular tax bill and warrant, but must show all the previous proceedings to have been legal.

When the time, within which the listers are required by law to return the list to the town clerk, as finished, has elapsed, and the list has been returned, it then becomes the basis of taxation for the ensuing year, and neither the listers, nor the selectmen, nor any other person, has any legal power to make any alterations in the bill, nor any additions to it.

The law requires all the taxable property of the inhabitants of a town to be put into the list each year; and in this respect there is no difference between real and personal estate. Each list must be perfect in itself, without reference to any former list; and no taxes can be assessed against a person, either for real or personal property, unless such property be inserted in the current list, in force as the basis for taxation for that year.

TRESPASS for taking five sheep. Plea, the general issue, with notice, that the defendant would justify the taking as collector of taxes for the town of Washington. Trial by jury, December Term, 1848,—REDFIELD, J., presiding.

On trial, after the plaintiff had proved the taking of the sheep by the defendant, and their value, the defendant gave evidence tending to prove, that he was collector of taxes in the town of Washington in 1846; that on the twenty second day of November, 1845, the town voted to raise a tax of $1350,00; that the plaintiff had a list

56

in town in 1845, amounting to $10,08, upon which he was liable to pay taxes; that state and town taxes were assessed thereon, and rate bills and warrants, in due form, delivered to the defendant, as collector; and that the defendant distrained and sold the sheep in question, by virtue of said warrants. The defendant also gave in evidence the grand lists of the town for the years 1842, 1843 and 1844, from which it appeared, that the plaintiff had real estate, set in the list of 1842 at $10,08, and that the same real estate was set in the list against the plaintiff's name, at the same sum, in 1843 and 1844; and the defendant also gave evidence tending to prove, that there had been no conveyance of said real estate by the plaintiff since 1842.

The plaintiff then gave evidence tending to prove, that when the grand list of the town for the year 1845 was returned to the town clerk's office, on the first Monday in December, it was signed by but two of the listers, and that none of the listers were then sworn to their certificate upon the list, and that one of them was not sworn until after the sale of the sheep by the defendant.

The plaintiff also gave evidence tending to prove, that when the said list was deposited in the town clerk's office, as completed, the name of the plaintiff was not upon it, and that there was no list against him and several other persons, when the rate bill was made out and delivered to the collector; that the full amount of money, voted to be raised as a town tax, was assessed, by the selectmen, on the list as first made, without any tax against the plaintiff and the other persons, whose names were omitted upon the list; that after the annual town meeting in March, 1846, and about the first of April, 1846, the names of the plaintiff and of the several other persons, whose names had been omitted, were inserted in the list, either by the selectmen, or by one or more of the listers for the previous year, with an amount set against their names respectively as their lists; and that one of the selectmen inserted the names of the same persons, including the plaintiff, in the rate bills, which had been previously delivered to the collector, and put against the plaintiff's name the amount of tax, for the payment of which the sheep were distrained, and took the collector's receipt for the amount of such additional taxes, in addition to the receipt executed by the collector at the time the rate bill was first delivered to him.

Downing *v.* Roberts.

The plaintiff insisted, that, unless the certificate attached to the list were sworn to at the time the list was deposited in the town clerk's office, as completed, the list was void, and that the defendant could not justify selling the sheep in question upon a tax made on such list, even if there had then been a list thereon against the plaintiff; that when the list had been deposited in the town clerk's office, as completed, the power of the listers over it had ceased, and they had no right, at any time thereafter, to add to the list, or to insert the names of other persons therein, even before the next annual meeting; that any interference, by those who had been listers, after others had been chosen, with the list on which taxes had already been assessed, was unauthorized by law, and that all taxes, assessed on such list, so made up, were void; and that adding other names and lists to the town tax bill, and assessing taxes thereon, after the full amount voted by the town had been assessed on the list, was unauthorized and void.

But the court decided, *pro forma,* that the certificate of the listers and oath were sufficient, and that the selectmen might correct a mistake in the grand list, even after other listers were chosen, and that the rate bills and warrants were a sufficient justification to the defendant for selling the sheep in question, and directed the jury to return a verdict for the defendant. Exceptions by plaintiff.

*J. L. Buck* for plaintiff.

A regular tax bill and warrant are not of themselves a sufficient justification to a collector, for distraining property. He must show, that all the previous proceedings were legal. *Collamer* v. *Drury,* 16 Vt. 574. *Henry* v. *Chester,* 15 Ib. 460. The proceedings were defective in this case;—1. Because the grand list was not sworn to by the listers, when deposited in the town clerk's office, as completed. See Acts of 1841, p. 16, sec. 19. 2. When the tax was assessed by the selectmen, agreeably to the vote of the town, there was no list against the plaintiff,—none having been returned to the town clerk's office on the first Monday in December, as required by law. Acts of 1842, p. 7, sec. 11. 3. Neither the listers of the previous year, nor the selectmen, had any right to alter the grand list. When a grand list is completed and deposited in the town clerk's office, it remains there, to govern the selectmen in the as-

sessment of taxes, until another list is completed. *Henry* v. *Edson et al.*, 2 Vt. 499. 4. The fact, that the plaintiff's list was on real estate, which was appraised in 1842, does not cure the defect; for it is as much the duty of the listers to insert the real estate in the list every year, as it is to appraise it once in five years. Acts of 1841, p. 14, sec. 14.

*Hebard & Martin* for defendant.

1. The law does not specify the time, when the certificate of the listers shall be sworn to; if it be done before the taxes are assessed, it is sufficient.

2. The plaintiff's list consisted only of real estate. Real estate stands at its valuation for five years; and the case finds, that the plaintiff was assessed for land in 1842, at $10,08, which is the sum, upon which this tax was made, and that he is still the owner of the same land. The statute of 1841,—Acts of 1841, p. 15, § 18,— after prescribing the mode for ascertaining and making up the list of real estate, provides, that the valuation so ascertained " shall be the list, upon which state taxes shall be made for the five succeeding years." So far as the real estate is concerned, the list is made for five years; and it is entirely immaterial how it is kept, or referred to. The plaintiff having no personal estate, this real estate was his " list;" nothing more was to be done; it stood for five years; and it was no better, and no worse, for being brought forward into a new book each year. It was therefore entirely immaterial by whom or when his list was brought forward. Nor does it make any difference, when the plaintiff's tax was made out and inserted in the rate bill; the time of doing it is not of the essence of the transaction.

3. A warrant and rate bill, legal upon their face, are sufficient to justify a collector. *Wilcox* v. *Sherwin*, 1 D. Ch. 72. The case of *Waters* v. *Davies*, 4 Vt. 601, does not controvert this position, after establishing the fact, that the plaintiff had a list. *Dillingham* v. *Snow et al.*, 5 Mass. 559.

The opinion of the court was delivered by

POLAND, J. The views we entertain in this case render it unnecessary for us to express opinions upon all the points, which have been raised and discussed at the bar.

Downing *v.* Roberts.

The defendant insists, in the first·place, that, inasmuch as he acted under a rate bill and warrant legal upon its face, they furnish a sufficient justification to him for taking the property of the plaintiff. This doctrine has been denied by repeated decisions in this state,—especially by the recent case of *Collamer* v. *Drury*, 16 Vt. 574, where, in an action similar to this, it was expressly decided, that a collector could not justify the taking of property, merely by showing a regular tax bill and warrant, but must show all the previous proceedings to have been legal.

It was said by the court, in the case of *Henry* v. *Chester*, 15 Vt. 460, that the legality of a tax would not be affected in consequence of any mere circumstantial error, or defect, in the making up the list, or in consequence of any error of judgment in the listers, in determining any question resting within their legitimate discretion; and in the soundness of those views we fully concur. It is farther decided, in the same case, that "it is indispensable to the legality of any tax, imposed by a town, that it should have been made upon a list of the polls and rateable estate of the inhabitants, in substantial and *bona fide* compliance with the requisitions of the statute;" and we are equally satisfied with the correctness of this last proposition. This leads us to examine the important question in this case, viz., had the plaintiff any legal list in the town of Washington, upon which the taxes in the hands of the defendant against him could be assessed ? If he had not, clearly the justification set up by the defendant must fail.

The exceptions state, that the plaintiff gave evidence tending to prove, that when the listers returned the list to the town clerk's office, in December, 1845, as complete, as required by the statute, the names of the plaintiff and several other persons were not upon the list, and that when the tax bill and warrant were made out and delivered to the officer for collection, they contained no taxes against the plaintiff and those other persons, and that about the first of April, 1846, either the selectmen, or one of the former listers, inserted the names of the plaintiff and those other persons in the list, and also in the rate bill ;—and for the purpose of deciding the question, we are to consider those facts as proved.

The eleventh section of the statute of 1842, in reference to the grand list, requires the listers to complete and return the list, as

finished, to the town clerk, on or before the first Monday in December in each year; and although in the case of *Henry* v. *Chester* a doubt was expressed, whether the list, or taxes raised upon it, would be void, merely because the listers might neglect to return the list to the town clerk's office until after the required day, (upon which question we give no opinion,) yet we think, when the time has elapsed, and the list has been returned as completed by the listers to the town clerk, that it then becomes the basis of taxation for the ensuing year, and that neither the listers themselves, nor the selectmen, nor any other person, has any legal power to make any alterations in such list, or to make any additions thereto. If it may be altered or added to after such time, it may be done at any time during the year; and instead of the permanent and certain basis of taxation, thus open and public to all concerned, the whole matter would be thrown into uncertainty and confusion, and the whole object of the law, in its numerous and careful provisions, entirely lost.

It is very strenuously urged, however, by the learned counsel for the defendant, that, inasmuch as the property set in the list to the defendant was real estate, which was apprised and set to him in the list of 1842, and also in the lists of 1843 and 1844, the plaintiff had a legal list in the town, upon which taxes might be assessed against him, although his name did not appear in the list of 1845, upon which these taxes were assessed. But we think this view wholly unsound, and in direct conflict with the various provisions of the statute on this subject. The law requires all the taxable property of the inhabitants to be put into the list each and every year; and in this respect there is no difference between real and personal estate. The only difference, in relation to making up the list upon the two species of property, is this, that while all personal estate undergoes a valuation each year, real estate, being fixed and permanent in its character, and less fluctuating in value, is only valued every fifth year, and is to be set in the list each year after, to whoever may be its owner at that time, at that valuation, subject to certain additions for improvements and deductions for loss. There is never but one legal list in existence at the same time, which is the current list for the year; and it is very evident, that the legislature intended such list to be complete and perfect in itself, without refer-

ence to any other or former list, and that it should show upon its face all who were liable to taxation for that year, and the amount of each inhabitant's list.

The law in relation to the appraisal of real estate merely provides, that the valuation shall be the same for five years ; not that it shall be set in the list to the same person during that period; but if it be true, that the list for the year of the appraisal of real estate is to be the list for the five succeeding years, as to the real estate, then the taxes must be paid by the same person, who owned it when appraised. As we view the law, on the first Monday in December, each year, the list of the previous year becomes entirely null and inoperative as a *grand list*, or basis of taxation, and the new list comes into legal existence, as a *grand list*, and no taxes can thereafter be legally assessed against any person, upon any such former list, whether it be for real or personal estate, unless it be brought forward and properly inserted in the new list.

For these reasons we think, that, if the facts, which the plaintiff's evidence tended to prove, were established, the plaintiff had no legal list in the town of Washington, at the time the taxes in question were assessed against him, and that therefore the taxes were void, and furnish no justification to the defendant, the collector, and that the court below should have adjudged accordingly.

The judgment of the county court is reversed and a new trial granted.