### ARAUNAH SPEAR *v.* THE TOWN OF BRAINTREE.

*Grand list.   Errors in list.   Liability of towns.*

Under the present law, the alterations made in the grand list of the several towns, by the committee of the legislature, to make the state average of the grand list, only affect state taxes.

Where the errors and defects in the list are accidental or *bona fide,* it will not render the list void, as a basis of taxation.

And in an action for money had and received, or in case, the plaintiff cannot recover more than his actual damage resulting from the irregularity in the list.

In an action for money had and received, even where there is irregularity, the plaintiff cannot recover of the town for money paid for State taxes, or State school taxes.

The provision in the statute in regard to the sixth column of the list has reference to a time prior to the county average, being required to be deposited, by the listers in the town clerk's office, before the first of July, and the clause of the statute that says, that this shall be the amount upon which all taxes shall be assessed, has reference to those years, in which there is no appraisal of real estate, or else it is to be qualified by what follows, that the county average shall be added or deducted for all taxes, and the State average, for State taxes.

ASSUMPSIT for money had and received. Plea, general issue and set off, and referred by rule of court, to a referee, who reported substantially the following facts :

The plaintiff claims to recover back of the defendants certain sums of money paid by him for taxes assessed upon his property, according to the grand list of said town, which list he alledges to be imperfect and void.

It appeared that the grand list of the real estate for the town of Braintree, for the year 1842, as made up in the first instance, and adopted by the county averaging committee, was $229,995,00 on which the State committee, appointed by the legislature, for that year, ordered a deduction of 8 per cent., reducing said grand list to the sum of $211,595,40, and that this deduction was made in the said grand list, by the listers of said town prior to December 10th, 1842, and that all taxes, including State, State school, town and county taxes, were assessed upon the grand list of real estate so reduced by the deduction of 8 per cent.

The plaintiff insisted, that such assessment was irregular, and

that the list as established by the State committee was the basis for assessing State taxes only. That the plaintiff paid the collector of taxes for said town, in the year 1844, 5, 6 & 7, for town taxes $28,63, and interest added to January 20th, 1852, $9,02 and in all, $37,65.

For State taxes in said years, $7,14, interest added, $2,10, is in all, $9,24.

For State school taxes, $4,54, interest added, $1,35, is in all $5,89.

It also appeared, that the grand list of real estate for said town in 1847, was ordered to be increased by adding 3 per cent. thereto, by order of the State committee for that year, that such addition was not made to the lists in the year 1847, and that taxes were assessed in 1848 upon the list as originally made up by the listers without the addition of the 3 per cent. The plaintiff paid in 1848, for taxes assessed on said list of 1847 :—

Town tax, $5,94, interest added, $1,06, in all, $7,00.
State tax, $1,42, interest added, 0,24, in all, $1,66.
School tax, 0.95, interest added, 0,15, in all, $1,10.

It did not appear, whether the order of the State committee adding 3 per cent. in 1847, was certified to the listers in season to have been complied with by said listers before completing the same, or before the 10th day of December, of that year or not. The plaintiff, during all the years in question was assessed upon real estate only, with the exception of his poll.

Under the defendants plea in offset, the referee found the plaintiff indebted to the defendants on the 20th day of January 1852, in the sum of $28,82 on a previous note. And if the court are of opinion that all the taxes herein named, were legally assessed, then the referee finds due to the defendants from the plaintiff, the said sum of $28,82.

But if the court should decide, that the town taxes only can be recovered, and that all of these, both on the lists of 1842 and '47, should be refunded, then the referee finds due plaintiff, $15,83.— And if the court decides that the town tax assessed on the list of 1847, and that only can be recovered, then the referee finds due the defendants, $21,82. To the report, plaintiff excepted.

The county court, January term, 1852.—COLLAMER, J., presid-

ing—rendered judgment on the report for the defendants to recover on their offset, twenty dollars and sixty-seven cents damages and their costs.

Exceptions by plaintiff.

*P. Perrin and E. Weston* for plaintiff.

This was an action of assumpsit brought to recover the amount of certain taxes, assessed by the selectmen of said town and paid by the plaintiff, which he alledges were illegally assessed, and the lists and taxes are void.

The taxes for the years 1843, 4, 5, 6 & 7, were assessed upon the grand list of said town upon the basis of the State equalising committee who ordered a deduction of 8 per cent. upon all the real estate in said town, whereas they should have been assessed either upon the town or county valuation for all purposes, except State taxes, the valuation of the legislative equalizing committee being the proper basis for State taxes *only.* Statute of 1841, Sec. 18, being the same as Compiled Stat., p. 459, Sec. 46. See also Sec. 49—also Laws of 1851, p. 38, Sec. 3.

The taxes assessed upon the grand list of 1847, payable in 1848, as well as the list of 1847 are void, for the reason that the order of the legislative equalising committee adding 3 per cent. to the real estate in said town was entirely disregarded by the listers, and was not so added. *Henry* v. *Chester,* 15 Vt. 460. *Downing* v. *Roberts,* 22 Vt. 455.

*J. P. Kidder, J. B. Hutchinson and S. M. Flint* for defendants.

1. The taxes collected previous to 1848, were made on the list of 1842, agreeably to the decision in the case of *Henry* v. *Chester,* 15 Vt. 460, and agreeably to the laws of this State as there explained. "The list was not complete until the alterations, required by the county and State committees were made. Until that time, it was merely in an inchoate state—so imperfect as no more to form the basis of any legal tax, than if it had been returned at any former stage in its progress," p. 469. *Collamer* v. *Drury,* 16 Vt. 574.

Comp. Stat. p. 460, Sec. 50, makes it the duty of the listers to complete and return the list *as finished* to the office of the town clerk, on or before the first Monday in December, in each year.—

By Sec. 44, p. 118, the selectmen are directed to make out State, county and town taxes uniformly and proportionably on the *grand list*. There is no statute requiring two lists in each town. In construing statutes, the rule of construction is to ascertain what was the intention of those using the language to be gathered from the language used, taken in connection with the whole subject and having reference to *all* that is said on the subject. *Catlin* v. *Hull*, 21 Vt. 152. Comp. Stat. p. 456, last part of Sec. 28.

2. The taxes that were collected for and went into the State and county treasury, cannot be recovered of the town—at any rate in this form of action.

3. *Quere.*—Whether the State school taxes can be recovered of the town. A school district is declared to be a body politic and corporate as much as a town, and this money was collected for and went into the treasury of the several school districts, and that by State authority directing a tax of nine cents on the dollar of the grand list, each year, for the use and benefit of such districts.— Comp. Stat., p. 472, Sec. 1. p. 153, Sec. 68. *Perry* v. *Dover*, 12 Pick. R. 206.

The opinion of the court was delivered by

REDFIELD, J. The important question in this case, is, whether the alteration made in the grand list of the several towns, by the committee of the legislature, is to be regarded, in assessing town taxes. It is certain that was so under the Revised Statutes, p. 546 § 18; "And such listers shall then proceed to finish their "lists, by making the additions, or deductions, so made by the "county and State average, and make out one entire list, and re-"turn the same to the town clerks, by the tenth of December—on "which, State, county and town taxes shall be made." But the present law, which has been in force since 1841, provides that the list averaged by the State committee "should be the list upon "which *State taxes* shall be made." And the present law con- tains also an express provision, that the appraisal of real estate, after being averaged by the county committee of listers, "shall "stand for the valuation of real estate for the succeeding five "years;" and no such provision whatever was contained in the Re- vised Statutes.

This important alteration in the terms of the Statute, must have

been intentional, and we have no means of knowing, why it was done, or for what purpose, except the one so clearly indicated in the terms used, that the State average should only affect State taxes—we see no good reason why it should be made to affect other taxes, but it is certain it did under the former law.    The list under that law was not complete until these additions and deductions were made.    And for that reason, among others, the list in the case of *Henry* v. *Chester*, 15 Vt. 460, was held *imperfect and incomplete*.    In that case, be sure, both the additions required by the county and State committees were omitted, and where the county committee required ten per cent. to be added to buildings and lots, the listers actually *deducted ten per cent.* and all this was evidently done designedly, and with the purpose of oppressing the plaintiff, whose list of personal property was very large, his taxes for town purposes, being with interest, between $700 and $800.    That case was decided, as it was, chiefly upon the ground that the defects in the list could not be fairly regarded as accidental, or *bona fide*, as is there expressly said.    In the present case, the deduction of eight *per cent.* from the list of real estate for 1842, and four years succeeding, for all taxes, but State taxes, is certainly not according to the requirements of the law then in force.  ˙ But the list was complete, for all other taxes but State taxes before that.    It was in no sense inchoate, or imperfect, as in the case of *Henry* v. *Chester*, and there is every reason to believe this was done *bona fide*, or that it might have been so done. We could not, therefore, regard this case, as coming within the principles of the case of *Henry* v. *Chester*.    And upon principle, we think the list, for such an error ought not to be regarded as void ; but that it should be held as a mere mistake, like an error of computation in assessing a tax.

And where the action is for money had and received, as in the present case, or in case which are equitable actions, it was held on the last circuit, in Caledonia county, in the case of *Fairbanks* v. *Kittredge* and others, that the plaintiff could not recover more than his actual damages, resulting from the irregularity.    And in the present case, as the plaintiff was assessed chiefly for real estate, it would seem probable, that he was benefitted by the deduction in 1842 *et seq.*  We do not intend to say, that for such irregularity, as the present, the plaintiff could have any remedy except in assump-

Spear *v.* Town of Braintree.

sit or case, very likely he could not.   But clearly, in this form of action, he could *not* recover for a mere circumstantial error, which had, in fact, operated to his advantage.   And this principle is far more obviously applicable to a case of this kind,  than the case cited from Caledonia county.

The list of 1847, was correct, except for State taxes, and we do not think the plaintiff can recover in this form of action for money paid for State taxes.   That is not money, which the town ever received to retain—so of the State school tax—the town only collect it, as agents, and were not liable to this action after having paid it to the school district.

And here, too, the plaintiff is complaining of an omission, which operated to diminish his State tax, and where there is no pretence of bad faith, and no proof that the addition was ever properly certified to the listers.

From all which, it is evident, the judgment of the court below is more favorable to the plaintiff, than it would be likely to be upon the basis of our decision, and we shall affirm the judgment, unless the plaintiff thinks a new trial will be beneficial to him, in which case, we think he is entitled to it, as it does not absolutely appear with entire certainty how the defects in the list might affect the plaintiff.

The provision of the statute in regard to the sixth column of the list, has reference to a time prior to the county average, being required to be deposited, by the listers, in the town clerk's office, before the first of July.   It is said to be sure, that this shall be the amount upon which all taxes shall be assessed.   But this has reference to those years, in which there is no appraisal of real estate, or else it is to be qualified, by what follows, that the county average, shall be added or deducted, for all taxes, and the State average, for State taxes.

The plaintiffs elected to have judgment reversed and the case remanded for trial.