JUNIUS BARNES v. URI G. OVITT.

*School District. Taxes.*

A town voted to "unite districts No. 4 and 12 into one district, and called district No. 4." *Held*, that said districts were thereby formed into a new district distinct from either.

Subsequent legislation has not altered the law as declared in *Spear* v. *Braintree*, 24 Vt. 414, that the alterations made in the grand list of the several towns, by the equalizing committee of the legislature, only affect state taxes.

TRESPASS *de bonis*, with a count in trover. Plea, the general issue, with notice of special matter, and trial by the court, April term, 1873, ROYCE, J., presiding. Judgment for the plaintiff, and exceptions by the defendant. The case appears from the opinion.

*H. S. Royce*, for the defendant, contended that by the vote of the town, said districts were disorganized, and a new district

formed ; and cited Gen. Sts. ch. 22, §§ 20, 21, 23 ; *Converse* v. *Porter*, 45 N. H. 385 ; *Williams* v. *School District*, 21 Pick. 75 ; *Adams* v. *Crook et al.* 7 Gray, 411 ; *Bacon* v. *School District*, 97 Mass. 421 ; *Woodcock* v. *Bolster*, 35 Vt. 632 ; *Goodwin* v. *Perkins*, 39 Vt. 598. Also, that the list as averaged and equalized by the state committee, was not the list on which school taxes should be assessed ; and cited Gen. Sts. ch. 83, § 43 ; *Spear* v. *Braintree*, 24 Vt. 414.

*H. R. Start*, for the plaintiff, argued that by said vote, district No. 12 was disorganized, and its territory annexed to No. 4, and that No. 4 continued in existence as effectually as before said vote ; and cited the Gen. Sts. ch. 22, §§ 20, 22 ; *Thomas* v. *Gibson*, 11 Vt. 607 ; *Greenbanks* v. *Boutwell*, 43 Vt. 207. Also, that the list as averaged and equalized by the state committee, was the list on which school taxes should be assessed ; and cited *Henry* v. *Chester*, 15 Vt. 460. ·

The opinion of the court was delivered by

REDFIELD, J. This action is trespass, with a count in trover, for the taking and conversion of certain personal property. The taking is admitted, and the act justified under the claim that the defendant was collector ·of school district No. 4 in Bakersfield, and that the property was sold in satisfaction of certain school district taxes.

I. The town voted to "*unite* districts No. 4 and 12 into one district, and called district No. 4." The town treated the district thus formed as *new* and unorganized, and proceeded to organize the district under the statute ; and the defendant was elected collector of taxes under such organization. It is claimed that district No. 4 continued and subsisted as a corporation, enlarged by added territory, and therefore the new organization was without warrant of law and void. In the case of *Greenbanks* v. *Boutwell*, 43 Vt. 207, the territory of one district was annexed to another district, and by the terms of the vote the corporate existence of the latter remained. There was simply territory added to an existing district. But in this case two distinct corporations,

with population and territory, are "united" and blended into "*one district.*" Thus far there is no reason to say that No. 12 rather than No. 4 became extinct, and merged in the other. They were merged "into one district." The vote then proceeds to give these smelted ingredients a *name*—to be "*called* district No. 4." If there was no new district, there was no need to determine its designation. If there was no *birth*, there was no call for a *name*. The annexation of the territory of one district to another existing with full corporate organization, leaves the latter as before, except larger in its proportions. But the *uniting* of two, and blending them into one, merges *two* into *one*, and that one becomes distinct from either, and necessarily *new*. It was competent for the town to have added the territory of No. 4 to No. 12, and thereby left No. 12 a subsisting school district, with added territory; or the converse, and thus left No. 4 a continuing school district. And the substantial result is the same as if the two were united and merged into one. But the form and manner of doing it is quite different. The one preserves the corporate existence of one district, the other merges and annuls both. We think the new organization under the provisions of the statute, regular and valid.

II. The committee of the legislature for equalizing the grand list, added 30 per cent. to the appraisal of real estate, at the session in 1870, and these taxes were assessed on the column in the grand list of Bakersfield to which the 30 per cent. was not added; and it is claimed that this was unlawful, and rendered the assessment void. In *Henry* v. *Chester*, 15 Vt. 460, such assessments, under the statutes then in force, were held irregular and void. While in *Spear* v. *Braintree*, 24 Vt. 414, it was held that such alterations of the grand list by the committee of the legislature, could only affect *state* taxes. This case was decided under the statute of 1841. It is claimed that the act of 1855, Gen. Sts. 521, § 30, with the act of 1867, Gen. Sts. 963, No. 43, have restored the statute to its condition when *Henry* v. *Chester* was decided. The former act provides that "the grand list shall be completed for the assessment of *town, school, fire-district, and highway taxes,* and lodged in the town clerk's office on or before the 15th of

May ; and state, school, and county taxes shall be assessed on the same list, excepting the years in which real estate is appraised." This distinctly states that the grand list for town and *school* taxes shall be *completed* and filed in the town clerk's office on or before the 15th of May ; and this, without qualification. And then proceeds to say that state, school, and county taxes shall be assessed on the same list, " *excepting* the years in which real estate is appraised." The 31st section, p. 521, Gen. Sts., being the act of 1855, with certain additions in 1860 and 1863, provides for averaging and equalizing among the towns of a county, by a convention of listers, and among the several counties, by a committee of the legislature, and declares that such " shall be the list upon which *state* taxes shall be assessed for the next five years." The 20th section, ch. 83, p. 519, Gen. Sts., requires the listers to make an appraisal of real estate, and declares that " such appraisal, subject to such alterations or corrections as shall be made by the convention of assessors and averaging committee, shall be the *basis of taxation* for the next five years." The 30th section declares that such list, without " such alterations or corrections," shall be the basis of town, school, and highway taxes. And the 31st section declares that such list, with " such alterations and corrections," shall be the basis for assessing *state taxes*. The index and marginal notes of the Gen. Sts., indicate that the learned gentleman who compiled and edited the work, regarded that the grand list was to be " completed " for the assessment of town and school taxes, while " alterations and corrections " were to be made on the same for the basis of assessment of *state* taxes ; and we have discovered no purpose of the legislature in the subsequent legislation, to alter the rule adjudicated and established in *Spear* v. *Braintree, supra*

The judgment of the county court is therefore reversed, and cause remanded.