Asaph Fletcher, Jun. *vs.* James, Josiah and Samuel Pratt.

When an officer neglects to make an entry on an execution, of the true day, month and year, when he received it, and the same becomes important to support his lien upon the property, for which a suit is brought, the court will not permit such officer to make the entry *nunc pro tunc,* so as to affect the suit then pending.

But such officer may support his lien by such parol proof, as would show the attaching creditor's lien *upon the property kept good, as against* the officer, who made the attachment.

This was an action of *trover,* which came up from the county court, on the following bill of exceptions :

" This action was brought by the plaintiff, as sheriff of the county of Windsor against defendants, for converting to their own use a quantity of bricks, which had been attached on a writ in favor

Windsor,
February,
1831.

Fletcher
vs.
Pratt et al.

of Job Richmond against *James* and *Josiah Pratt*. The defendants pleaded the general issue. Under this issue, the plaintiff gave in evidence true and attested copies of the writ and return on the original process in favour of said Richmond against the said *James* and *Josiah*, and the copies of the record of the judgement in said first suit, and of the execution and return thereon, which issued on the judgement aforesaid. To this execution the defendants objected for the cause, that a minute of the officer's endorsement upon the execution of the true time when he received it for collection, did not appear upon the same; and that, therefore, the plaintiff had lost his lien upon said bricks created by his attachment: and the objection was sustained by the court, and the evidence rejected. The plaintiff then offered to prove, by parol evidence, viz, by the testimony of Job Lyman, esq., accompanied by the receipt of the sheriff's deputy, who had the said execution, the true day, month, and year, when the same was delivered to the said deputy sheriff, which was within thirty days next after the rendition of the judgement. But the court rejected the evidence thus offered, and refused to admit the witness. The plaintiff then produced in court the said sheriff's deputy, and requested the court to permit the deputy to make said minute upon the execution *nunc pro tunc*, offering his receipt to assist the deputy's memory as to the time when he actually received said execution. To the admission of this evidence the defendants' counsel objected, and the same was excluded by the court. The said writ and execution are also made a part of this case, together with all the copies of the records, and original receipts and papers pertaining to said case. To which opinions of the court, in excluding the said files, records, receipts, and testimony, offered by plaintiff as aforesaid, the plaintiff excepted; and the case is ordered to pass to the Supreme Court for their decision upon the premises."

*Mr. Marsh, for the plaintiff.*—It appears to plaintiff's counsel, that the court has entirely mistaken the object of the section of the statute, in requiring the officer to make an entry of the day and year of his receiving such execution. The statute explains itself, in the subsequent part of the same section, by enacting, " That, " when the officer receives several executions against the same " person, the execution first delivered shall be first served, or first " satisfied." Whereas the lien, created by attachment, is regulated by a different statute; (*Stat. p.* 68, *s.* 33;) which provides, that personal property, taken by attachment, shall be holden thirty days after the rendition of final judgement; and if not taken in execution within thirty days, shall be discharged from such attachment, and be no further holden to answer said judgement, than if the same had not been attached. In the case of *Enos vs.*

WINDSOR,
*February,*
1832.

Fletcher
*vs.*
Partt et al.

*Brown,* (1 *D. Chip. Rep.* 280,) it was decided, that, when prop-erty is taken on attachment, and the plaintiff within thirty days, takes out execution, and delivers it to the same officer, who made the attachment, this is equivalent to taking the property in execution, and continues the lien. The plaintiff, in such case, has done all that he can, and all that is required of him ; and let the officer do what he may in making the entry required, the statute is complied with, and the lien created by the attachment continues. The plaintiff cannot compel the officer to make the entry, and is not, therefore, to lose his lien. Whether the execution was actually delivered to the officer within the thirty days, is matter *in pais,* and may be proved like any other fact.

*Mr. Cushman,* on the same side, added, That the object of the tenth section of the statute was to fix definitely the rights of different creditors, attaching the same property at nearly the same time, and does not affect the right of the creditor, as to his debtor ; and parol testimony was admissible to show the execution delivered out in season to preserve the plaintiff's lien—That the defendants set up this defence in their own wrong : for they converted the property to their own use, when the execution was in the possession of the officer, and when the defendants cannot be presumed to have known, that the officer had omitted to enter the time of his receiving the execution—That this statute is nugatory and unconstitutional, requiring the officer to do a service without fee or reward ; a service, too, which he never stipulated to perform—That the creditor could not compel the officer to make this entry upon the execution : and where would be his remedy, if parol testimony is not admissible to prove when the execution is in fact delivered to the officer ? This would be turning about the maxim, that the law favours the vigilant : and the vigilant creditor would lose his lien upon the property, by the want of vigilance and care in the officer to whom he delivers his execution.

On the 68th page of the revised laws, (*sec.* 33,) is found the law regulating the term, during which personal chattels shall be holden after final judgement, which have been attached on *mesne process.* This Court have decided, I believe, that delivering the execution to the officer within thirty days after judgement, is the taking of said property in execution, so far as to preserve the lien. Now, to show the time of delivering the execution to the officer in such a case, this statute does not point out any particular mode of doing it. Consequently, it is left to be proved at

WINDSOR,
February,
1831.

Fletcher
vs.
Pratt et al.

common law, by parol, as any other case would be where no distinction made was indicated. A mere memorandum, entered upon the back of an execution at the time of the receipt of it by the officer, unless expressly made evidence by the statute in this case,would be no evidence of the delivery within thirty days under this section.

*E. Hutchinson, for the defendants.*—The evidence offered by plaintiff was properly excluded. A sheriff's lien, by which he may justify retaining the possession of personal property, attached, as against the general owner, is a right created by statute, in derogation of the principles of common law, that a man has the right to that which is his own. And, wherever such a right is conferred by statute, the authority must be pursued *strictly*. In the case of personal property, attached on *mesne process*, the officer's lien is discharged, unless execution be put into his hands within thirty days from the rendition of final judgement. So also of bail, when the body is taken.—*Statute, p.* 68, *sec.* 33 *and* 34, passed March 2, 1797 ; *Johnson* vs. *Edson,* 2 *Aikens' Rep.* 302. His lien is likewise discharged, unless the property be levied on within the life of the execution.—*Barnard* vs. *Stevens et al.* 2 *Aikens' Rep.* 429. On both those points the legislature have required *record evidence,* to appear from the doings of the officer on the execution itself.—*Statute, p.* 213, *sec.* 10 *;* a lso, *page* 209, *sec.* 1. passed March 7, 1797. It is difficult assigning a reason why the kind of evidence required by statute should be strictly adhered to by the court in one case, if it is to be dispensed with in the other. Were the statute rule to be disregarded on this point, the next step might permit an officer to justify the taking of property, merely by parol proof that he had a writ, without the ceremony of any return whatever. In short, were the evidence offered in this case to be pronounced admissible, no reason now suggests itself, why the court might not, with equal propriety, go on dispensing, one by one, with those salutary barriers which the legislature have found it necessary to interpose against the treachery of human memory, and the purjury of witnesses, until every particle of record evidence, required by statute, is done away ; and the proof of the important facts, the doings of our sheriff department, in the service and return of legal process, exist entirely in parol. See *Overseers of Reading* vs. *Overseers of Weathersfield,* 3 *Vt. Rep.* 349.

The application to the county court, to permit the plaintiff

WINDSOR,
*February,*
1832.

Fletcher
*vs.*
Pratt et al.

to amend his proceedings upon the execution on the trial, was very properly refused.    He could not have expected  permission from the court either himself,  or by his deputy, to  create  record  evidence, after  he had  acquired  an interest in the fact, and that, too, during the  trial of a  cause in  which he  was plaintiff, and   without which he  could  not, under  the  decision of  the  court,  recover. Had the request been granted, the evidence must still  have been excluded, for  the reason, that, by  plaintiff's own  showing, the minute could not have been  made *at the time* required by statute. —See *Stat. p.* 213 ; *New-Haven* vs. *Vergennes,* 3  *Vt. Rep.* 89. Again, even if this Court should consider that the entry  requested, ought to have been permitted on the trial,  still it is no ground for reversal of judgement ;  the application being not a matter of strict right, but  addressed to the sound  discretion of  the court to  be granted  or  refused, as  might be deemed  proper.—*Barnard* vs. *Stevens et al.* 2 *Aik. Rep.* 429.

HUTCHINSON, C. J., *pronounced the opinion of the  Court.*— Some of these defendants were the original owners of the bricks in question ;  and there seems to  be no controversy  but that the defendants used them, or some part of them, as their own, so  as to be a conversion, if the plaintiff had any good title to them.   The plaintiff claims to  have attached them on a writ of  attachment in favor of one Job Richmond, and against *James* and *Josiah Pratt,* two of these defendants.  The plaintiff did not move the bricks, but left a copy of the writ at the town clerk's office, as he might by statute, in stead of moving them.  The only points litigated before this Court relate to the evidence by  which the plaintiff  may show, that  his lien upon the property, created by the attachment, is preserved. The execution  produced by the plaintiff  has  no minute upon it of the true time  when it was received by him or his deputy ; and the plaintiff offered to  prove by a  witness  and the receipt  given for the execution, that  it was delivered out within thirty days from the rendition of the judgement.    This was objected to, and rejected.    It seems that the county court considered it  necessary for the plaintiff, in making out title under his own act, or acts, to show his acts by such  testimony  as the law made it his duty to furnish. That is, he must show his attachment, creating the lien, by his return upon the writ ; and the continuance of his lien, by his entry of the true day, month and year, when he received the execution. I recollect this was my view at the county court.   But the subject has been under  consideration in one or two cases in  Chittenden

county, and we deem it settled, that, if the creditor preserves his lien upon the property as against the attaching officer, by giving out his execution within the thirty days, that establishes the lien upon the same property in favor of the officer. And, upon due reflection, we think, the same evidence, which would avail the creditor, as against the sheriff, ought to avail the sheriff as against any persons who may have converted the same property. The evidence offered in this case, the testimony of the witness who took the receipt for the execution, and the receipt itself, would have been admissible for the creditor, and, we think, ought to have been admitted in the trial of this cause, to show title in plaintiff. The application of the plaintiff for permission to make the entry of the time when the execution was received, *nunc pro tunc*, was rightly refused. It was too late for him to furnish evidence for himself of a transaction so long past.

> The judgement of the county court is reversed, and a new trial is granted.