STEPHEN B. GOODWIN *v.* GEORGE H. PERKINS.

*Taxes. Warrant. ·Officer de facto. Collector. Evidence. Exceptions.*

Where a prudential committee dated a certificate, appended to a rate bill and warrant, May 2d, 1862, which was long before he was appointed committee, and before the grand list of 1862, on which the tax purports to have been assessed, was made up and completed, and the certificate on its face showed that the rate bill to which it was attached, was of a tax assessed on the grand list for the year 1862, and was in accordance with a vote of the inhabitants of the district, at a meeting on the first Tuesday in March, 1862, it was *held* that the error in date did not invalidate the certificate, it being apparent that the error was purely a clerical one.

Parole evidence was admissible to show the true time when the rate bill and certificate were made.

The omission of the defendant to enter upon the warrant the true day and year when he received the same, was not sufficient to invalidate his proceedings under it. This may be shown by other evidence.

If the warrant was sufficient when the property was taken, any subsequent alteration of it by the magistrate who signed it for the purpose of making it a warrant for another tax bill, would not invalidate the acts of the defendant done under it.

The warrant as altered was admissible as showing upon its face what it was before it was altered, accompanied with evidence showing who altered it, for what purpose, and how the warrant was at the time the property was taken.

Goodwin *v.* Perkins.

J. a prudential committee, enlisted in the army. A school meeting was duly warned and holden, and A. was elected prudential committee, and J. delivered to him the records and papers appertaining to said office, and soon after left the state. A. held the office, and discharged the duties thereof, no one else being appointed or assuming to be committee. *Held*, that A. was prudential committee *in fact*, if not of right, and this was all that was necessary to enable the defendant, as the legal collector of the district, to justify under his acts.

A party cannot avail himself in the supreme court of an error in the ruling of the county court, in submitting a question to the jury, which operated in his favor rather than to his prejudice.

The county court should refuse to entertain exceptions to the entire charge. Counsel should always be required to specify the particular points in the charge, or in the omission to charge, to which they take exceptions.

THIS cause was an action of trespass *de bonis asportatis*, for taking and driving away a gray mare belonging to the plaintiff. Plea, not guilty, with notice of special matter in justification and defence ; and trial by jury at the March Term, 1866, KELLOGG, J., presiding.

On the trial, the defendant justified the alleged taking and driving away of the said horse under and by virtue of a certain rate bill of a tax assessed pursuant to a vote of school district No. 11, in Castleton, on the list of the polls and ratable estate liable to taxation in said district for the year 1862, in which list was included a list of the plaintiff, with a warrant annexed to the said rate bill for the collection of the said tax—he, the defendant, being, at the time of the alleged trespass, the collector of taxes of the said district, and having the rate bill and warrant in his hands as such collector for collection.

The plaintiff claimed that the said rate bill was illegal and void, because it was made up and certified by Stephen Andrus as prudential committee of said school district, when, in fact, Andrus was not the legal prudential committee of the district at the time of making up and certifying the same ; and also because the certificate attached to the rate bill bore date on the 2d day of May in the year 1862, when the list of the polls and ratable estate liable to taxation in the district for the year 1862 had not been completed or made up, and when in fact Andrus was not the legal prudential committee of the

district; and also because the defendant, as the collector of taxes for the district, had not indorsed on the rate bill and warrant the true date when he received the same as required by the statute. It appeared by the testimony of Andrus, who was a witness for the defendant, that the certificate was in fact made out and signed by him on the 2d day of May, 1863, but that it was by mistake dated on the 2d day of May, 1862, and that the rate bill of the tax was assessed and made up by him for the purpose of paying the expenses of the school kept in said district in the winters of 1862 and 1863, agreeably to the vote of said district at its annual meeting held on the last Tuesday, (25th day,) of March, 1862. To this testimony of the said Andrus the plaintiff objected, but the objection was overruled, and the testimony was received,—to which the plaintiff excepted.

Objection was also made that the person who made the rate bill and warrant in question, was not prudential committee at the time. The facts upon this point are stated in the opinion.

The plaintiff's attorney was understood by the court to say, on the trial, that no question was made by the plaintiff in respect to the validity or legality of the said tax against the plaintiff, and of the said rate bill and warrant for the collection of the same, or in respect to the regularity and proper assessment of the said tax, except in the particulars above stated. The defendant introduced no evidence tending to prove that the plaintiff had any list for the year 1862, either of his poll or ratable estate, on which he was liable to taxation in said district; and no question was made on the trial in respect to the plaintiff's list for the said year, upon which the tax in controversy was so assessed, except as hereinafter mentioned.

The counsel for the plaintiff requested the court to charge, among other things, that the rate bill and warrant furnish no justification unless it is shown that the plaintiff had a grand list in the district, and that the rate bill furnishes no evidence of this fact, and that this must be proved by the grand list itself.

When this request was read, the presiding judge stated that the plaintiff's attorney was understood by each of the three judges of the court to say on the trial that no question by the plaintiff in respect to the validity or legality of the said tax against the plaintiff, and of

the said rate bill and warrant for the collection of the same, or in respect to the regularity and proper assessment of the said tax, except in the particulars which were stated before the evidence was closed; and the plaintiff's attorney claimed that he had been misunderstood by the court in this respect. Upon the matter of this request, the court instructed the jury that the said rate bill and warrant would furnish no justification for the act of the defendant, without proof that, etc., stating the proof necessary, and that this proof, unless the facts required to be proved were admitted by the plaintiff, must be furnished by the production of the grand list of the town of Castleton for the year 1862, or of a duly certified copy of the same; but that if the plaintiff's attorney said on the trial, what he was understood to say by the court,—this statement should be treated as equivalent to an admission by the plaintiff of the validity, regularity, and proper assessment of the said tax in all other particulars except those which were stated before the evidence was closed, and that, as such it would render unnecessary the furnishing of the proof which would otherwise be requisite to make out the justification by the defendant under the said rate bill and warrant as aforesaid; and that the jury should act upon, and be governed wholly by their own recollection and understanding of what was said by the plaintiff's attorney on the trial in this respect, in determining what was so said by him, and should not at all act upon, or be influenced by the recollection or understanding of the court in that respect.

After the court had charged the jury, and before the jury retired from the court room to consider the case, the plaintiff's counsel excepted "to the entire charge of the court to the jury," but the court refused to allow or notice this exception on account of its vagueness and generality, and also because a portion of the charge was in exact accordance with the claims made by the plaintiff on the trial, and the court required the plaintiff's counsel to state the particulars or specific points in the charge in respect to which he took or desired to take exception. To this refusal and requirement of the court the plaintiff excepted; and thereupon the plaintiff, in compliance with said requirement, stated that he excepted to the refusal of

38

the court to rule and charge the jury according to the requests by him made so far as the court did so refuse, and to the instructions given by the court to the jury, in all points or particulars in which they differed from, or were not in acccordance with, the plaintiff's said claims and requests, which sufficiently appear from the opinion.

The jury returned a verdict in favor of the defendant, and judgment was rendered on the said verdict.

*H. G. Wood*, for the plaintiff.

*John Howe* and *Dewey & Joyce*, for the defendant.

The opinion of the court was delivered by

PIERPOINT, Ch. J. It is claimed on the part of the plaintiff that the rate bill and warrant, under which the defendant justifies the taking of the horse in question, cannot be made available for that purpose, for the reason that Stephen Andrus, acting as prudential committee of school district No. 11, in the town of Castleton, in making the certificate which he appended to the rate bill, dated it May 2d, 1852, that time being long prior to his appointment as such committee, and before the grand list for 1862, on which the tax purports to have been assessed, was made up and completed. The certificate on its face shows that the rate bill to which it was attached was of a tax assessed on the grand list for the year 1862, and was in accordance with a vote of the inhabitants of said district at a meeting holden on the first Tuesday in March, 1862 ; all this is conceded to be correct. If the certificate had not been dated at all, no question could have been made as to its sufficiency, the certificate would have been just as good without a date as with one. All the material facts are correctly stated in it. This being so, an erroneous date, we think, cannot have the effect to invalidate it. The fact that at that time there was no grand list for 1862 on which the tax could have been assessed, and it being several months prior to the time when Andrus was appointed committee, shows clearly that the error was purely a clerical one.

Again, parol evidence was clearly admissible to show the true time when the rate bill and certificate were made.

The principle that parol evidence is admissible to show the time when any simple written contract was executed, although it differs from the date of the instrument, is too well settled at the present day to admit of discussion.

This is not like the cases to which our attention has been called by the counsel for the plaintiff where the statute requires a certificate to be made of the day, month and year when a writ is signed, in an action brought to recover a penalty, in such cases there must be a strict compliance with the statute.

It is further insisted that the warrant was defective, in that, it was directed to the defendant as a private individual, and not as collector of school district No. 11. As this question does not appear to have been raised in or passed upon by the county court, we have no occasion to examine it here. As the plaintiff pointed out his objections to the warrant, and omitted to include this among the number, it must now be regarded as having been waived.

The omission of the defendant to enter upon the warrant the true day and year when he received the same, we do not regard as sufficient to invalidate his proceedings. The time when it was in fact received may be shown by other evidence than such an entry. This was expressly decided in *Fletcher* v. *Pratt*, 4 Vt. 182, in respect to a like entry by a sheriff upon an execution.

The fact that the warrant was subsequently altered by the magistrate who signed it, with a view of making it a warrant for another tax bill, can have no effect upon this case, as the alteration was made long after the taking of the property that is now complained of; the warrant, as altered, was admissible as showing upon its face what it was before it was altered, accompanied with evidence showing who altered it, for what purpose, and how the warrant was at the time the property was taken. If the warrant was sufficient when the property was taken, any such subsequent alteration of it would not invalidate the acts of the defendant done under it.

But it is claimed by the plaintiff that the whole proceedings were irregular and void, from the alleged fact that Andrus, at the time he

assessed the tax and made out and delivered the rate bill and warrant to the defendant, was not the prudential committee of the district, and had no authority to make out and deliver the same.

It appears that J. F. Johnson, who at the annual meeting in March, 1862, was duly elected the clerk and prudential committee of the district, and who held those offices until the following September, then enlisted in the army and was about to leave the state. He informed the inhabitants that he was about to leave the district and could no longer serve as clerk and committee. At the request of some of the inhabitants of the district, he duly warned a meeting of the voters of the district to elect a clerk and prudential committee to fill the vacancies thus occasioned. The voters of the district assembled agreeably to the warning, and after the meeting was duly organized proceeded to elect a clerk, and also elected the said Andrus as prudential committee in the place of said Johnson. The said Johnson thereupon delivered the records and papers appertaining to the offices to the said clerk and the said Andrus, and soon after left the state. From the time of his said election the said Andrus acted as, and discharged the duties of, the prudential committee of said district until after the taking of the property of the plaintiff by the defendant as alleged in the plaintiff's declaration; no other person acting or claiming to act as such committee, and no other person being elected or appointed to that place; and it does not appear that any person objected to his so acting, or questioned his right to do so.

Whether there was a vacancy in the office of committee at the time when Andrus was elected; or whether the district had a right at a meeting warned for the purpose, to elect a person to fill the vacancy if it existed, or whether the vacancy should have been filled by appointment [by the selectmen of the town, are questions which we do not find it necessary now to decide.

Andrus was elected by the district as its prudential committee, he held the office under that election, claiming the rights and discharging the duties of the position, he was prudential committee in fact if not of right, and this we think is all that was necessary to enable the defendant, as the legal collector of the district, to justify under his acts. The case of *Woodcock* v. *Bolster*, 35 Vt. 632, is a full

authority upon this point. The question in that case was as to the validity of the election of the district collector. It was claimed to be void on the ground that the clerk who warned the meeting at which the collector was elected, was not a legal clerk of the district and had no authority to call the meeting. The court say, " the clerk held and exercised the office by virtue of an election at a meeting of the voters of the district publicly called, and held the office, *de facto*, which, so far as third persons are concerned, is all that is required to make his acts valid."

Under the circumstances of this case the plaintiff can no more question the authority of the prudential committee who made out the tax bill, than he can that of the justice of the peace who signed the warrant ; the justice may not have been legally elected, or may not have been sworn. Yet it has always been held in this state, that the fact that a person assumes to exercise the duties of a justice of the peace, and to act in that capacity, is sufficient to justify any person who acts under the authority of any precept signed by him, that is legal and sufficient upon its face.

This view of the case renders all exceptions as to the admission or rejection of evidence as to the warning of, or proceedings at, the district meeting, or to the charge of the court in respect thereto, wholly immaterial.

The claim that the county court erred in submitting to the jury the question as to what the plaintiff's counsel had admitted in the course of the trial, is one, that if it was an error, the plaintiff cannot avail himself of. We think, under the circumstances, as they appear in the case, the court would have been fully justified in telling the jury that the facts were admitted, and that they were so to regard them in considering the case. If that had been done, the result would have been the same, so that the plaintiff has not been prejudiced by having an opportunity to go to the jury with the question, even though he was not entitled to the privilege.

The county court were clearly right in refusing to entertain an exception to the entire charge. Counsel should always be required to specify the particular points in the charge, or in the omission to charge, to which they take exceptions. The attention of the court

should be  immediately called to any error that is claimed in this
respect, and before the jury leave their seats.   The judge may by
mistake have omitted to charge upon some point about which there
is no controversy, but upon which the party is entitled to a charge,
and when the judge on his attention being called to the omission
would at once correct the mistake.    To allow an exception to the
entire charge in such a case would be to make the exception a mere
trap to be sprung upon the court and the opposite party, after it was
too late to avoid it.

 We find no error in the proceedings of the court below.

 Judgment of the county court is affirmed.