## CHARLES D. READ *v.* TOWN OF JAMAICA.

### *Taxes.     Evidence.     Rate Bill and Warrant.*

Parol evidence is admissible to show on what list, and on what vote of the town a tax is assessed; and to impeach or contradict the certificate of selectmen attached to a rate bill in any respect in which it is erroneous.

Where a collector acting under warrants made according to the form provided in the General Statutes, instead of the form adopted in 1863, gave notice to the plaintiff of the amount of his taxes, &c., and the plaintiff paid under protest, it was *held*, that the warrants were sufficient in form and substance for any purpose the collector had occasion to use them as to the plaintiff.

THIS is an action upon the common counts in assumpsit. Plea, the general issue and trial by jury, at the April Term, 1867, BARRETT, J., presiding.

Upon the trial, the plaintiff claimed to recover $27.75 collected of him as for town taxes assessed upon the grand list of 1863. $138. collected of him as for town taxes assessed upon the same list; $106 collected of him as for town taxes assessed on the grand list of 1864, and for $177.75 collected of him as for town taxes assessed upon the grand list of 1865, with interest on each of said sums, and called one William H. Carr, as a witness, who testified that he was collector of said town for each of said years, that he collected said several sums of the plaintiff, who paid the same under protest, that he had rate bills and warrants for each of said taxes, which he produced, and which were introduced as evidence in the case, and that he had no other authority for collecting said sums of money. The plaintiff also called one Luke Howard as a witness, who testified in substance that he was town clerk of said town, and produced the book of records of town meetings for 1863-4, and that there was no record of any meeting of the town December 17th, 1863, called for the purpose of raising money on the grand list, nor any record of any such vote taken on that day; that he was treasurer of said town, and that said sums of money had all been paid into the treasury. He further testified upon cross-examination, that there was a town meeting on said 17th day of December, 1863, and also a meeting of the town January 7th, 1864, for the purpose of raising money on the grand list. The records of each of these meetings were put into the case.

. The defendants offered to show by parol evidence, that the sum of $138. was assessed upon the grand list of 1863, under the vote of January 7th, 1864, to which the plaintiff objected, and it was excluded by the court,—to which the defendant excepted.

The court, upon the foregoing evidence, *pro forma*, directed a verdict for the plaintiff, for said sums of money and interest.

No question was made as to the legality of said taxes, except as depending upon the. evidence above set forth and referred to.   To said direction of the court the defendant excepted.

The following certificate was attached to the rate bill :

|  | List. | Tax. |
|---|---|---|
| Read, Chas. D.      -      -      -      - | 37 00 | 138 00 |

" To William H. Carr, collector of taxes in Jamaica :

The foregoing is a tax of four dollars on the dollar on the grand list of 1863, voted by the inhabitants of Jamaica, for the paying of bounties to volunteers, to fill the quota of said town, under the late call of the President of the United States for 300,000 men, at a meeting legally warned and holden for that purpose, on the 17th day of December, A. D. 1863, which you are to collect and pay to the treasurer of said town, on or before the 20th day of March next.

Jamaica, January 15th, 1864."

There was also attached a warrant according to the form prescribed in the General Statutes.

*A. Stoddard* and *Chas. N. Davenport*, for the defendant.

*H. H. Wheeler* and *H. E. Stoughton*, for the plaintiff.

The opinion of the court was delivered by

Wilson, J.   The plaintiff claims, first, that he is entitled to recover back the tax or sum of $138. because it purports, from the certificate of the selectmen, to have been assessed pursuant to a vote of the town, passed December 17, 1863, and the case shows that no such vote was passed ; second, that all the taxes paid by him in 1863, 1864 and 1865 were wrongfully collected, because the warrants annexed to the several tax bills were not according to the form prescribed by the act of 1863, and upon this ground he also claims to

recover back the money. . In regard to the sum of $138, it appears that the town of Jamaica, at a meeting legally warned and holden on the 7th day of January, 1864, voted a tax of four times the amount of the grand list to pay town liabilities. The selectmen of that town, on the 15th day of January, 1864, made out a tax bill, in which they inserted the name of the plaintiff as one of the persons taxed, and stated therein that his tax was $138. They attached to said tax bill their certificate which recites, among other things, that the tax is four dollars on the dollar on the grand list of 1863, voted by the inhabitants of Jamaica, at a meeting legally warned and holden for that purpose, *on the 17th day of December;* 1863. Upon the trial of the case in the county court, the defendants did not claim that the town voted the tax on the 17th of December, 1863, but insisted that the certificate of the selectmen was erroneous in regard to the time the tax was voted, and they offered parol evidence to show upon what vote and list the sum of $138 was assessed. The offer of the defendants was not to prove the grand list, or the vote of the town, by parol evidence, but the evidence was offered to show that the tax or sum of $138 was assessed *on the grand list of* 1863, *and on the vote of January 1th*, 1864, and for these purposes parol evidence was clearly admissible. Section 46 of chapter 15 of the General Statutes, provides that the " selectmen shall, seasonably, make out and deliver to the proper collectors, all tax bills for the collection of state, county or town taxes, wherein they shall insert the name of each person taxed, with the amount of his tax, which they shall assess uniformly and proportionably, on the grand list, and shall annex to the town tax bill a warrant for the collection of each town tax." The statute contains no provision as to the form of the tax bill, but the section of the statute above quoted, in express terms, requires that the selectmen shall, as matter of substance, insert in the tax bill, " *the name of the person taxed, with* the amount of his tax." This, with some words indicating that it is a tax bill, would seem to be all the statute requires it shall contain. It is undoubtedly true, that it has been the practice of some selectmen to annex to the tax bill a certificate in which they state the time the tax was voted, the purpose for which it was voted, and the grand list on which it was assessed. But there

Read *v.* Town of Jamaica.

is not any statute, in terms, or even by implication, requiring the selectmen to make such certificate. A regular tax bill is evidence that a tax is assessed against the person whose name is inserted in the tax bill as taxed, and of the amount of the tax therein stated, but the fact that such a certificate is annexed to the tax bill, gives it no additional significance as evidence. A regular tax bill and warrant are not, of themselves, a sufficient justification to a town collector for distraining property. He must show that all the previous proceedings were regular. 16 Vt: 574 ; 21 Vt. 441. The assessment of the tax by the selectmen, is not in the nature of the proceedings of a court, either of general or special jurisdiction ; the previous proceedings must, therefore, be proved by the records of the meeting and vote granting the tax, and by the grand list. The law does not make the selectmen certifying officers of the previous proceedings ; their certificate, therefore, that the town at a meeting legally warned and holden voted a certain tax ; or that the person assessed by them had a grand list at the date specified ; or that the tax was assessed on such vote or grand list, is no evidence of any meeting or vote of the town in respect to such tax, nor of the grand list, nor is it evidence tending to prove that the tax was assessed on the grand list or vote named in the certificate. It is therefore quite clear that an unnecessary certificate of the selectmen should not estop the defendants from asserting and proving the truth, by such evidence as they should be required to make, even if the certificate had stated correctly the date of the vote. The records of a town meeting legally warned and holden, and of the vote granting a tax, and the grand list of the town, are not, of themselves, sufficient proof that a tax, subsequently assessed by the selectmen, was assessed *on* such vote or grand list, because there is no officer authorized by law to certify that the tax bill issued from or is founded *on* such vote or list. It is true that it might be found by comparing the tax bill with the vote of the town and grand list, that the tax was in all respects such as the selectmen were authorized to assess, but when any question is made as to whether, in fact, the tax was assessed on the vote or list it is alleged to have been assesed on, the fact must necessarily be proved by parol evidence. Suppose the town of Jamaica had, on the 17th day of

December, 1863, voted a tax of the same sum and for the same purpose specified in the vote of January 7th, 1864, and after the adjournment of the former meeting, it was discovered that the vote was illegal, and for that reason the town warned the meeting and granted the tax by the vote of January 7th, 1864, without rescinding the former vote, it could not be determined by inspection of the records of such meetings, or by comparing them with the tax bill, whether the tax was assessed on the former or latter vote. The mistake or mischarge as to the amount of the plaintiff's tax under the vote of January 7th, 1864, is a good illustration of the necessity of resorting to parol evidence in order to show on what vote and list a tax was assessed. The defendants proved by the records that the town, on the 7th day of January, 1864, voted a tax of four times the amount of their grand list. The date of the vote determined the grand list on which the selectmen were required to assess the tax. General Statutes, chapter 84, section 66. The plaintiff, in 1863, had a legal grand list in that town, amounting to $37, and by the vote of January 7th, 1864, the selectmen were authorized to assess against the plaintiff, and he became liable to pay, a tax equal to four times the amount of his grand list. The selectmen did assess a tax against the plaintiff, and inserted in the tax bill that his tax was $138; they claim the tax was in fact assessed on his list of 1863, and on the vote of January 7th, 1864, and that the variance between the amount inserted in the tax bill, and the amount the vote and list call for, was caused by mistake in writing out the assessment. Now the vote granting the tax and the plaintiff's grand list show that the true amount of his tax on that list and vote was $148. The question, therefore, whether the $138, inserted in the tax bill, was assessed on that vote and list, could not be determined by any record or other written evidence, nor by comparing the records and grand list with the tax bill. It is obvious that, upon the face of these records and papers, they afford no legal evidence that the tax bill has any relation to the list and vote on which it is claimed the tax was assessed. How could the defendants prove that the sum of $138 was assessed on the grand list of 1863, and on the vote of January 7th, 1864 unless they could prove it by parol evidence? It seems to us that

41

they offered to prove the facts by proper evidence and by the only evidence the nature of the subject admitted of. If parol evidence was not admissible, then it would follow that in every case of mere clerical error in writing out the assessment, the tax must be held illegal, for if parol evidence is not admissible to correct the error by showing on what vote and list the tax was in fact assessed, then it cannot be corrected or shown at all. It is true, that where the party claims title to real estate, under proceedings for the sale of land for the non-payment of taxes, he must show that every substantial requisite of the law was complied with. 17 Vt. 97.

But it has never been considered, in this state, that a tax bill is illegal by reason of mere clerical mistakes which might always be liable to occur in writing out the assessment. Section 62, of chapter 84, of the general statutes, provides that " no collector shall be liable to any action, which may accrue in consequence of any mistake, mischarge or overcharge in the tax bill committed to him for collection." This has been the statute law of this state for nearly three-fourths of a century, and its object was, and is, to prevent the mischievous consequences which would follow if strict mathematical accuracy were required in writing out the assessment. The true amount of the tax which the selectmen are authorized to assess, can always be determined by the vote granting the tax, and the grand list, and when it is admitted or shown by parol evidence, that the tax was assessed on such vote and list, the circumstance that the selectmen have inserted in the tax bill a less sum than the vote and list called for, does not render the tax illegal. It is doubtless true that where the tax-payer is compelled to pay more than his just proportion of a tax, in consequence of " any mistake, mischarge or overcharge in the tax-bill," the town would be liable to refund the excess. But in this case the plaintiff has no reason to complain, for he has sustained no loss or damage in consequence of the mistake. It is urged by the plaintiff's counsel, that the testimony offered was not admissible, because if admitted, it would have contradicted the certificate of the selectmen. For the reasons already given, neither the certificate, nor the tax bill can be regarded as any part of the record or grand list on which the tax was assessed. Proving by parol evidence, on what vote and

list the tax was assessed, is not contradicting the record; the object of such proof is to refer the tax, or sum, or show its relation, to the vote and list on which it was assessed, and this is always to be shown by parol evidence. But if we should treat the certificate as important for any purpose whatever, it could afford only *prima facie* evidence of its contents, and parol evidence would be admissible for the purpose of impeaching or contradicting the certificate in any respect in which it was erroneous. *Bartlett et ux* v. *Boyd,* 34 Vt. 256; *Goodwin* v. *Perkins,* 39 Vt. 598.

2. The only remaining question relates to the warrants annexed to the several tax bills, upon which the plaintiff paid the taxes in question. The warrants were according to the form prescribed by the general statutes, page 750, and authorized the collector to take the body "*for want of goods, chattels or estate.*" The form prescribed by the Act of 1863, authorized the collector, for want of goods, chattels or estate, " to extend the warrant, upon any land in this state, belonging to the delinquent, or take his body, at the collector's election." It is claimed by the plaintiff, that the warrants did not permit the collector to levy upon land, and for this reason he insists they were void. The old definitions of the word " estate," generally confine it to lands or realty. Thus, according to Lord Coke, " state " or " estate," signifieth such inheritance, freehold, term for years, &c., as any man hath in lands or tenements." Co. Litt. 345. So COWELL defines it to be " that title or interest which a man hath in lands or tenements," and the same definition is given in the *Termes De La Ley.* But according to the modern doctrine, the term *estate* is of much more extensive import and application, and clearly comprehending things personal as well as real, personal as well as real estate. 1 Salk. 237 ; Ward on Legacies, 208 ; 3 Cranch. 97. 4 Met. 178, 180 ; 1 Peters, 583, 588. In general, whenever legal enactments are intended to apply exclusively to one or the other of these different species of property, the statutes use the proper qualifying words "*personal*" or "*real estate,*" as the case may require. But there is no occasion to decide whether the warrants annexed to to said tax bills, would have allowed the collector to extend the same on lands, for he did not use them for any such purpose. The excep-

tions show that the collector had rate bills and warrants for each of said taxes, and it appears the warrants were substantially according to the form prescribed in the General Statutes. The collector gave notice to the plaintiff of the amount of his taxes, and perhaps informed the plaintiff of the warrants annexed to the tax bills, and the plaintiff paid the taxes " under protest." We are satisfied that the warrants were sufficient in form and substance for any purpose or use the collector has applied them in respect to the plaintiff's taxes. It appears that no question was made as to the legality of the taxes, except such as depended upon the evidence set forth and referred to in the bill of exceptions; therefore if the sum of $138 was assessed on the grand list of 1863, and on the vote of January 7th, 1864, to show which the parol evidence, offered by the defendants, was admissible, then the defendants are not liable.

The judgment of the county court is reversed and the cause is remanded.