WARNER WILLIAMS *v.* SAMUEL HEYWOOD.

*Exceptions. Discretion. Practice.*

Where the defendant raises no question on trial as to the legal effect of the plaintiff's evidence, and takes no exception to the ruling of the county court in submitting the case to the jury, but files a motion to set aside the verdict, upon the ground that the plaintiff, on his own showing, was not entitled to recover, the court may, in their discretion, allow the motion to be withdrawn, and the point to be raised by way of exception the same as if the court had been requested and had refused to direct a verdict for the defendant, and exception had been taken to such refusal in due season and upon the trial.

The county court properly submitted the case to the jury, under the circumstances and evidence disclosed in the exceptions.

ASSUMPSIT for money had and received. Plea, the general issue, and notice of payment and satisfaction. Trial by jury, September term, 1867, STEELE, J., presiding.

On the 11th day of August, 1864, the plaintiff lent the defendant one hundred dollars in cash, to be paid in one week. The plaintiff testified that something was said by the defendant at the time about Preston May's paying him. It appeared that Preston May was at that time owing the defendant over one hundred dollars for some cattle. The plaintiff testified that within a week the said May called upon him, and said " Samuel Heywood owes you a hundred dollars;" the plaintiff said " Yes;" May said " He wants me to pay it, and I will. pay it soon." The plaintiff testified that the subject was never afterward mentioned between him and May, but that on the 23d day of the same August he loaned May, who was a drover, two hundred dollars to buy cattle. The plaintiff further testified that, during the same fall and after this, he met the defendant at a town meeting, and, as he was leaving, the defendant called to him and said " Has May paid you that hundred dollars?" and that he (the plaintiff) replied " It is settled." The defendant said nothing to May after this about it, and on the     day of the following February May died. May's estate proved insolvent, and paid but 69 cents on a dollar. After May died, the plaintiff called on the defendant for the one hundred dollars. The defendant said " You told me it was paid." The plaintiff replied: " I told you it was settled. It was never

paid." The plaintiff testified that the defendant then promised
him to pay it, but afterward, on another occasion, told him he
should not pay it because he had been misled by the plaintiff's
statement and had on that account neglected to collect it of May.
The defendant neglected to present any account before the com-
missioners on May's estate. The plaintiff presented his account
for the two hundred dollars cash, charged August 23, 1864. The
plaintiff testified before the commissioners, in the matter of that
account, that he told the defendant, on the occasion of the town
meeting, that May had settled the one hundred dollars, but also
testified that he never charged that one hundred dollars to May,
and May never paid it, and that it was not a part of the account he
presented. The plaintiff's account was allowed by the commis-
sioners. Some of the defendant's evidence tended to show that
May paid the plaintiff the one hundred dollars, and some that
the two hundred dollars charged August 23, 1864, and allowed by
the commissioners, included the one hundred dollars which May
promised to pay for the defendant; but the jury found against the
defendant on both these points. As to the remaining question,
the court told the jury, among other things, that May's promise to
pay the plaintiff's debt against Heywood, was upon valid consid-
eration, and was a valid promise capable of being enforced by
law, but that May's promise would not alone be enough to re-
lieve the defendant from liability; but that it was for the jury to
say what was the fair meaning of the language used at the town
meeting, and how the defendant understood it, and that, to deter-
mine upon these points, they were to consider the words used and
the circumstances under which they were used, and if, on the
whole, they were satisfied that the fair meaning and the defend-
ant's understanding of the language were that May had adjusted
the debt and that the defendant need not look to it further, then
their verdict should be for the defendant, even though they should
find that, after May's death, the defendant recognized and offered
to pay the debt; but if they found that the plaintiff really meant
simply that May had promised to pay him, and the fair meaning of
the language, under the circumstances in which it was used, would
carry only that sense to the defendant's mind, then their verdict

should be for the plaintiff, unless the defendant prevailed on some of his other grounds of defense.

The jury rendered a verdict for the plaintiff.

The defendant filed a motion to set aside the verdict, upon the ground that, on the plaintiff's own testimony, the defendant was relieved from liability; but the motion was withdrawn upon the court's granting the defendant leave to make this point by way of exception, precisely as if the court had been requested and had refused to direct a verdict for the defendant, and exception had been taken to such refusal in due season and upon the trial. The exception was accordingly allowed.

*W. & H. Heywood*, for the defendant.

*Jonathan Ross*, for the plaintiff.

The opinion of the court was delivered by

WILSON, J. It is objected by the plaintiff's counsel, that this case is not before this court on any exception properly taken and allowed in the court below.

No question was raised by the defendant as to the legal effect of the evidence, and no exception was taken by him to the ruling of the county court until after verdict. The defendant filed a motion to set aside the verdict, upon the ground that, on the plaintiff's own showing, the defendant was relieved from liability; but the motion was withdrawn upon the court's granting the defendant leave to make this point by way of exception, precisely as if the court had been requested and had refused to direct a verdict for the defendant, and exception had been taken to such refusal in due season and upon the trial. It is said that the rule of the county court declares that " No exceptions will be allowed unless the point relied upon shall have been presented to the court in writing, or noted by the court, if to a decision of the court, at the time of making such decision; if to the charge, before the jury shall have retired." The reason of the rule is too obvious to need discussion. The rule should be observed in the matter of exceptions, except in cases where the ends of justice

require, and the rights of the adverse party will allow, that it be dispensed with or relaxed. It is clear that a party should not be allowed to make a point as to the admissibility of testimony after the testimony has been given without objection, especially on any ground known to the party before the witness testified, and thereby lay the foundation for an exception; for, if he had objected to the testimony at the time it was offered, the court might, for reasons urged, have rejected it. The rule requiring exceptions to be taken to the charge of the court before the jury retire to consider the case, has been generally adhered to. In the case of *Goodwin* v. *Perkins*, 39 Vt., 598, the court decided that counsel should always be required to specify the particular points in the charge, or in the omission to charge, to which they take exceptions; that the attention of the court should be immediately called to any error that is claimed in this respect, and before the jury leave their seats, in order that the judge may have an opportunity to make such corrections as, in his judgment, the points to which exceptions are taken, require. It will be seen that the ground on which the defendant moved to set aside the verdict, does not relate to the admissibility of the evidence, nor to the details of the charge. The defendant, by his motion, sought to raise the question as to whether the plaintiff, upon his own showing, was entitled to a verdict, and to have the question treated the same, or to be allowed to claim the same advantage, as if he had requested the court to direct a verdict for the defendant, and the court had refused to comply with the request, and the defendant had excepted. We think, under the circumstances, the county court might, in their discretion, allow the exception, although in point of fact it was not taken till after verdict. It is not to be treated as an exception to the details of the charge, but as an exception to the court's submitting to the jury at all for them to find, from the evidence, what was meant and understood by the language used by the plaintiff, and the consequent action of the defendant. In this view of the question, we find no error in the ruling of the county court. The court could not say, as matter of law, that the transaction between the parties, as detailed by the plaintiff, did, or did not, constitute a discharge of the debt as against the de-

fendant. It is said by the defendant's counsel, that where a question arises on the trial of a cause upon evidence in which there is no conflict, it presents a question of law for the decision of the court, and not a question of fact to be passed upon by the jury. It is doubtless true that there was no dispute as to the language used by the plaintiff; but the general question whether the defendant was discharged from liability, could not be determined by the plaintiff's language alone. This question depended not only on the fair meaning, but also on the defendant's understanding, of the language used by the plaintiff; and what was subsequently done or omitted by the parties respectively, in relation to the debt against May, was important, as tending to show the meaning of the plaintiff's language, and the sense in which the defendant understood it, under the circumstances in which it was used. All this was a question of fact for the jury, for them to say, upon the whole evidence, what action the defendant took, and what were the consequences of such action, growing out of the plaintiff's declarations in relation to the alleged settlement of the debt.

The judgment of the county court is affirmed.