SOPHRONIA A. WILMOT

v.

WARREN LATHROP AND MARIA HURLBURT.

SAME

v.

MARIA L. HURLBURT AND MARY P. BENTON.

JANUARY TERM, 1895.

*Taxation. Quadrennial appraisal.    Time of filing and*
*taking oath by listers may be shown by parol.    To*
*whom real estate should be set.    Tax bill need*
*not be certified by selectmen.    Error in*
*computation.    Partition.    When*
*co-tenant   has   lien   on*
*entire property.*

1.  The true date when the listers were sworn and deposited the
quadrennial appraisal in the town clerk's office may be
shown by parol, although there is attached to the ap-
praisal, as deposited, a certificate that the oath was admin-
istered on a day later than that within which the list should
have been completed and filed.

2.  *Quere*, whether this would be so if the taxpayer, relying upon
the date attached to the appraisal, had lost the right of
appeal.

3.  No record of the preliminary oath of the listers need be made
by the town clerk.

4.   Real estate, conveyed by deed by the terms of which the grantor reserves the use and possession, is properly set in the grand list to the grantor as the owner thereof.

5.   A mere error in computation will not invalidate a grand list nor a particular tax.

6.   *Held*, that it sufficiently appeared from the town records that the tax had been voted under the proper article in the warning.

7.   A tax bill delivered to the treasurer in accordance with s. 1, No. 90, Acts 1880, need not be certified by the selectmen, and what it is may be shown by parol.

8.   In tax proceedings, only those defects insisted upon by the excepting party in the court below, as shown by the record, will be considered in the supreme court.

9.   A part owner of real estate, who redeems it from a tax sale, has a lien upon the entire property for the amount so advanced, and his co-tenants cannot maintain a petition for partition until they have paid him their proportion of the same.

These two cases were heard together by court at the June term, 1894, Orange county, Ross, C. J., presiding. The first was ejectment, in which the plea was not guilty; and the second a petition for partition. Upon the facts found, the court gave judgment in the ejectment suit for the defendant, Maria L. Hurlburt, to recover her costs, to which the plaintiff excepted. In the other suit, the court ordered partition, to which the defendant, Maria L. Hurlburt, excepted. The facts appear in the opinion.

*Geo. L. Stowe* and *R. M. Harvey* for plaintiff.

Parol evidence was not admissible to contradict the record as to the time when the quadrennial appraisal was filed or the preliminary oath administered to the listers. *Houghton* v. *Hall*, 47 Vt. 333; *Ayres* v. *Moulton*, 51 Vt. 115.

The purchasing in of the tax sale by one co-tenant enured to the benefit of all. *Dubois* v. *Campau*, 24 Mich. 360; *Battin* v. *Woods*, 27 W. Va. 58; *Sorenson* v. *Davis*,

83 Ia. 405; 49 N. W. Rep. 1004; *Lamax* v. *Gindele*, 117 Ill. 527.

*Darling & Darling* and *J. H. Watson* for Maria L. Hurlburt.

The true date of a record may be shown when that is material. *Hopkins* v. *School Dist.*, 27 Vt. 281; *Carpenter* v. *Sawyer & Jewett*, 17 Vt. 121; *Chandler* v. *Spear*, 22 Vt. 388, 401; *Bartlett and wife* v. *Boyd*, 34 Vt. 262; *Day* v. *Peasley*, 54 Vt. 312; *Hayes* v. *Hanson*, 12 N. H. 284; *Jackson* v. *Young*, 5 Cow. 269; *Williams* v. *Lunenburg*, 21 Pick. 82; *Sprague* v. *Bailey*, 19 Pick, 436; *Johnson's Admr.* v. *McGuire*, 4 Vt. 327; *Johnson* v. *Burden et al.*, 40 Vt. 567.

Mere clerical errors do not vitiate a list when there is no intentional fraud. *Spear* v. *Braintree*, 24 Vt. 414; *Nilson* v. *Wheeler*, 55 Vt. 446; *Brock* v. *Bruce*, 58 Vt. 261.

It is not necessary that a rate-bill should be certified by the selectmen. *Brown* v. *Hutchinson*, 11 Vt. 574; *Chandler* v. *Spear*, 22 Vt. 388.

An objection to records and official lists must be pointed out in the court below, or it will not be considered in supreme court. *Hills* v. *Marlboro*, 40 Vt. 648; *Wing* v. *Hall*, 47 Vt. 182.

When a co-tenant is obliged to redeem land from a tax sale, he is entitled to hold the whole property until his co-tenants pay him their proportionate shares.   1 Wash. R. P. (2d. Ed.), 619, 624; *Cuyler et al.* v. *Ensworth*, 6 Paige Ch. 32; *Calkins* v. *Steinbach*, 66 Cal. 117; Freeman on Co-ten. and P., s. 263; Sheldon on Sub. ss. 9, 14; *Whittaker* v. *Wright*, 35 Ark. 511; *Pratt* v. *Pratt*, 96 Ill. 184; *Johnson* v. *Payne*, 11 Neb. 269; *Fiacre* v. *Chapman*, 32 N. J. Eq. 463; *Watkins* v. *Eaton*, 30 Me. 529; *Davidson* v. *Wallace*, 53 Miss. 475; *Harrison* v. *Harrison*, 56 Miss.

43

174; *LaForge* v. *Herter*, [11, Barb. 159, 164; *Aiken* v. *Gole*, 37 N. H. 501; *Fletcher* v. *Chase*, 16 N. H. 42.

In order to obtain partition, the petitioner must have possession or the immediate right to possession of the lands. *Baldwin* v. *Aldrich*, 34 Vt. 526; *Nichols* v. *Nichols*, 28 Vt. 228.

MUNSON, J.    The two cases to be determined were tried together.    The first is ejectment for a lot known as the Smith Hill pasture.    The second is a petition for the partition of premises known as the Hiram Lathrop home farm. The Smith Hill pasture adjoins the Lathrop farm, and has long been used in connection with it.    Both pieces were set to Hiram Lathrop as one parcel in the list of 1886, and were sold for the non-payment of taxes assessed under a vote taken at a special town meeting held in February, 1887. Maria L. Hurlburt, a defendant in both suits, claims under this sale.

In 1863, Hiram Lathrop conveyed the home farm to Elias Lathrop, who, on the same day, conveyed it to Daniel W. Lathrop and the two persons now made defendants in the partition suit.    The deed executed by Hiram Lathrop contains this clause:  "It being further conditioned, agreed and understood between said parties that the said Hiram Lathrop is to live on the above described premises and is to have the control and benefit of said farm and premises during his natural life."    In 1882, Hiram Lathrop conveyed the Smith Hill pasture to the same Daniel W. Lathrop, with the following reservation:  "And the said Hiram Lathrop reserves a life lease on the above-named land, and the use or the same as long as he shall live."    The respective titles were as above shown at the time the lists in question were taken.    The plaintiff has obtained the interest of Daniel W. Lathrop in both pieces.

The grand list of 1886 is based upon the quadrennial ap-

praisal of 1882.    The law required the listers to return this appraisal to the town clerk's office on or before the first Tuesday in July.    R. L., 292.    The preliminary oaths of the listers, as entered in this appraisal, are dated and certified to have been taken on the eighteenth day of July.    The court below has found from parol evidence, excepted to by the plaintiff, that these entries are erroneous, that the listers were sworn before commencing this appraisal, and that the appraisal was seasonably returned to the town clerk's office. Both the true time of administering the oath and the seasonable return of the appraisal could be established by parol.    The rule which permits a contradiction of the date of a paper by other proof of the time of its execution has been often applied to official documents ; and, in the case of official certificates, to the time when the official act is certified to have been done.    *Morton* v. *Edwin*, 19 Vt. 77 ; *Chandler* v. *Spear*, 22 Vt. 388 (401) ; *Hopkins* v. *Schoo l District*, 27 Vt. 281 ; *Bartlett* v. *Boyd*, 34 Vt. 256 ; *Johnson* v. *Burden*, 40 Vt. 567.    The statute does not require that the time the appraisal is deposited shall appear from the appraisal itself, and it may be established by the testimony of any one cognizant of the fact.    *Blodgett* v. *Holbrook*, 39 Vt. 336.

The law required that this appraisal be returned with a certificate of its correctness thereto attached, verified by oath.    R. L., 296.    This certificate and verification also bear the date of July eighteenth.    The finding of the court below does not expressly include these in the list of dates found to be erroneous, but no claim is made regarding them except that they afford conclusive proof that the appraisal was not completed and filed within the time required.    It is distinctly said in argument that if the appraisal was in fact filed within the required time, it was filed in the form in which it now appears.    It having been found from evidence held to have been admissible that the ap-

praisal was seasonably filed, it must be taken to have been filed with the proper certificates incorrectly dated. It is argued in this connection that the purpose for which the appraisal is required to be deposited at this time entitles the taxpayer to rely upon it as made, and that the position in which he would be placed by changes based upon parol evidence is a sufficient reason for holding such evidence inadmissible. It is said that one who finds in his individual list ample cause for taking an appeal, may decide not to do so because of the manifest invalidity of the entire appraisal. The case before us affords no basis for this argument, whatever the weight to which it might otherwise be entitled. An appeal must be taken within three days after the first Tuesday. R. L., 297. One inspecting this appraisal within the time available for an appeal would have found the required certificate with an impossible date. This clearly would not have justified him in treating the list as invalid. If the time allowed for taking an appeal had extended beyond the eighteenth, so that an inspection might have been had after the date of the oath and yet within the time allowed for an appeal, the argument would have required further consideration.

It is also urged that no record of the preliminary oath taken by the listers was made by the town clerk. This was not essential to the validity of the appraisal. *Day* v. *Peasley*, 54 Vt. 310.

It is claimed that the sale was invalid because the property was set to Hiram Lathrop instead of the persons to whom he had conveyed as above stated. When the quadrennial appraisal of 1882 was made, the statute required that real estate be set to the owner. R. L., 276. When the list of 1886 was taken, it might be set to the owner or possessor. No. 7, Acts 1884. But the assessment is good, even if it be assumed that its validity depends upon the property having been set to the owner in the quadrennial valuation. The

language before quoted from Hiram Lathrop's deeds was sufficient to secure to the grantor a life estate in the premises conveyed. No particular form of words is necessary to create an estate for life. A reservation of the use and control of the granted premises during life is sufficient. *Richardson* v. *York*, 14 Me. 216. It is the duty of one holding such an estate to pay all the taxes assessed upon the land during his life. 1 Wash. Real Prop. 96. We think one holding a freehold estate which carries with it an obligation to pay the taxes is an owner to whom the land may properly be set.

The case submitted presents no findings on which the sale can be held invalid on the ground of an error in determining the amount of the Lathrop list after equalization. An ordinary error of computation, in no way chargeable to bad faith, will not invalidate either the list or the particular tax. *Spear* v. *Braintree*, 24 Vt. 414.

It is further claimed that the assessment of the tax was unauthorized. Article second in the warning reads as follows : "To see if the town will vote to raise money to apply on the indebtedness of the town and current expenses, and what amount of money they will raise, and when it shall be collected." The record of the proceedings contains the following : "A motion made and carried that the town raises $6.00 on the dollar on the grand list of 1886, and raised on the spring list." On the margin opposite the record of this action is the entry : "Article second in the warning." We think it sufficiently appears that under this article in the warning the town voted to raise a tax of six hundred cents on the dollar of the grand list for the purpose stated in the warning.

The tax bill offered in evidence as the one delivered to the treasurer was not certified to by the selectmen. It purports to be the special tax of 1887 assessed on the grand list of 1886 ; and the court found from parol evidence, to the

admission of which exception was taken, that that tax was placed in the treasurer's hands for collection. It is provided by s. 1, No. 90, Acts of 1880 (R. L., 382–388), that the selectmen shall make and deliver to the treasurer all tax bills then required by law to be made and verified by them, except highway tax bills. The law did not then require that any tax bills made out by the selectmen should be verified by their certificate. G. S., ch. 15, ss. 46, 47. It had been held upon an examination of these provisions that a certificate of the selectmen was unnecessary, and that parol evidence might always be received to show on what list and under what vote a particular tax was assessed. *Reed* v. *Jamaica*, 40 Vt. 629. There having been, at the time the act of 1880 was passed, no requirement that a tax bill be certified, it cannot be claimed that that act impliedly required that the tax bill delivered to the treasurer should be certified. Nor has the general provision in regard to the duties of the selectmen in this respect been changed by the revision. R. L., 2693.

It appears from the case that the plaintiff claimed on trial that there were various irregularities in the proceedings of the town treasurer and collector in collecting the tax and making this sale, and that these appear in the records and papers referred to. Two or three irregularities in these proceedings are now claimed, but there is nothing to show that these were among the points raised in the court below. It is evident that in a case which involves the regularity of a series of official documents and records, justice requires that the excepting party be confined to those defects which are shown to have been specifically pointed out in the county court. It is said in *Dana* v. *Lull*, 21 Vt. 383, that this court will consider only the questions which are shown by the record to have been raised and passed upon in the court below. When counsel concluded to urge these defects they

should have procured an amendment of the exceptions show-ing that they were pointed out on the trial.

We hold that the tax sale was valid, and that the judg-ment given the defendants in the ejectment suit was correct.

*Judgment affirmed.*

The interest of Hiram Lathrop in these premises was de-termined by his death in 1891. The property thereupon became subject to partition among the common owners. But the petition brought to effect this is contested by the de-fendant Maria L. Hurlburt, upon a claim based on the tax sale. After the sale, and before the time for redemption had ex-pired, Mrs. Hurlburt made an arrangement with the pur-chasers by which she obtained a deed of the property upon payment of the amount for which it was sold. She does not claim that by this proceeding she acquired any title to the shares owned by her co-tenants. But she insists that a dis-bursement of this character entitles her to hold possession of the entire property until she has been paid the sums properly chargeable to the other interests, and that a petition for par-tition cannot be sustained against her until such payment has been made.

It is well understood that a co-tenant who redeems the common property from a mortgage incumbrance may hold it under the mortgage until the other owners pay him their proportionate shares of the money advanced. *Hubbard* v. *Ascutney Mill Dam Co.*, 20 Vt. 402. We think a remedy not less efficacious should be accorded one who redeems common property from a tax sale. Such a sale fixes an in-cumbrance upon the land as effectually as the delivery of a mortgage deed. The tenure by which the purchaser holds the land during the time allowed for redemption is essen-tially the same as that of a mortgagee. The situation of a co-tenant is the same under one form of incumbrance as

under the other.    He cannot effect a release of his own interest without redeeming those of his co-tenants.    It seems reasonable to hold that an enforced payment of this character by one tenant in common gives him a lien upon the shares of his co-tenants to secure his advances, with a right to retain possession until payment is made.    It was so held in *Watkins* v. *Eaton*, 30 Me. 529; 50 Am. Dec. 637.    See also *Hurley* v. *Hurley*, 148 Mass. 444.    And while this right of possession exists there can be no partition at the suit of the other co-tenants; for partition can be had only by one who is in possession or is entitled to immediate possession.

We hold that the petitioner has failed to establish her right to partition, and that the judgment that partition be made was erroneous.

*Judgment reversed and petition dismissed.*